## A. J. DUCKETT, Respondent, v. KEET & ROUNTREE DRY GOODS COMPANY, Appellant.

.Kansas City Court of Appeals, April 6, 1903. .

1. **Chattel Mortgages: PLEDGE: CHANGE OF THEORY: ESTOPPEL: EVIDENCE.** Where a plaintiff took possession of certain goods, posting notice on the door that his possession was under a mortgage, and thereafter interpleaded into an attachment suit against the mortgagor and claimed the goods under the mortgage and was defeated, he can not then in a new action set up that his possession was under an independent agreement for a pledge; and the evidence is held not to support such a theory.

2. **Evidence: MOTIVE: TESTIMONY ALIUNDE: PRESUMPTION.** While it is legitimate to inquire into the motives of men to explain their acts, such inquiry should not be permitted *aliunde* where the motive is so plainly apparent from the act itself that ·but one legitimate conclusion can be entertained, since the intent with which an act is done is presumed to be that which is its natural consequence. ·

Appeal from Barton Circuit Court.—*Hon. H. C. Timmonds*, Judge.

REVERSED (*with directions*).

*Mann, Sebree & Farrington* and *W. D. Tatlow* for appellants.

(1) The chattel mortgage was fraudulent and void as to these defendants. It was so decided on the former appeal in the case of Dry Goods Co. v. Brown, 73 Mo. App. 245, which case was approved, and followed in the later case of Lowrence v. Barker, 82 Mo. App. 125. Also, see Williams v. Kirk, 68 Mo. App. 457. (2) · There was no evidence of an oral independent agreement for a pledge between Duckett and Brown, and the instruction by the court of its own motion submitting that issue was erroneous. The law is well settled that an instruction should not be given when there is no evidence on which to base it. Culberson v. Rail-

road, 50 Mo. App. 560; Campbell v. Van Houten, 43 Mo. App. 239; Robertson v. Railroad, 152 Mo. 393. (3) Where there has been a palpable disregard of the law and evidence on the part of the jury, and the trial judge in refusing new trial has wrought manifest injustice, it is the duty of the appellate court to reverse the judgment. Walton v. Railroad, 44 Mo. App. 620; Wilsett v. Ranson, 79 Mo. 258; Spaun v. Railroad, 87 Mo. 74; Garrett v. Greenwell, 92 Mo. 125. (4) There must be an abandonment of the claim under the fraudulent mortgage and a sole claim under a bona fide transaction before such change of theory is permissible. Wait on Fraudulent Conveyances (3 Ed.), sec. 357; Shoe Co. v. Arnold, 82 Mo. App. 10; Lowrence v. Barker, 82 Mo. App. 125.

*Thurman, Wray & Timmonds* for respondent.

(1) A pledge is a bailment or delivery of personal property as security for some debt or engagement. Story on Bailments (9 Ed.), sec. 286; Jones on Chattel Mortgages, sec. 2, 4; Jones on Pledges, sec. 1, 2, 3, 4, 5; 2 Bouv. Law Dict., 339; 2 Kent's Com. (12 Ed.), 578; 22 Am. and Eng. Ency. L. (2 Ed.), 842; Markham v. Judson, 41 N. Y. 235; Sterns v. Marsh, 47 Am. Dec. 248; Arendale v. Morgan, 5 Sneed (Tenn.) 730; Bank v. Harkness, 42 W. Va. 156-165; Conrad v. Fisher, 37 Mo. App. 366; McClintock v. Bank, 120 Mo. 132; Bank v. Ross, 9 Mo. App. 411. (2) Where the verdict of a jury is supported by any substantial testimony, the appellate courts will not interfere with it even where the evidence preponderates against the verdict. Chadwick v. Bumpus, 45 Mo. 111; Brown v. Railroad, 50 Mo. 466; Davis v. Railroad, 46 Mo. App. 180; Krider v. Milner, 99 Mo. 145; State ex rel. v. Gaither, 77 Mo. 306; Chouquette v. Railway, 152 Mo. 266; Ensor v. Smith, 57 Mo. App. 584; Langdon v. Kelly, 51 Mo. App. 572. (3) The defendants insist

on having plaintiff claim title to the property in controversy under the chattel mortgage. The defendants plead this chattel mortgage in their answer and introduced it in evidence, as well as all the testimony pertaining to it. Plaintiff denied in his reply that he so claimed or held possession of it. He makes the same claim now that he did in the "Interplea case" herein referred to. He has always claimed to hold possession of the property as security for his debt without reference to his mortgage. The only circumstances tending to dispute this claim is the fact of the notice being posted on the door, and the permission granted Brown to assign the goods in his possession as security for the payment of some other debts. These things occurred after he had taken possession and his right to hold the same was complete as a pledge for his debt; after he had done exactly what defendant's manager advised he should do. (4) Frauds are either actual or constructive. An actual fraud is where a person intentionally deceives another by word or conduct for the purpose of inducing him to part with property or some other legal right, and thereby accomplishes the purpose. It involves the element of dishonesty of purpose and evil design. Green v. Nixon, 23 Beav. 535; 1 Bouv. Law Dict., 612; 1 Rap. Law. Dict., 545; 1 Story's Eq. Jur., secs. 168-187; Cooley on Torts, 474; Kerr on Fraud and Mistake, 42; 1 Bouv. Law Dict., 612; 14 Am. and Eng. Ency. L. (2 Ed.), 21, sub-div. 3; Potter v. McDowell, 31 Mo. 62; Bank v. Powers, 134 Mo. 445; Bank v. Buck, 123 Mo. 153; Williams v. Kirk, 68 Mo. App. 462; Greeley v. Reading, 74 Mo. 309; Petring v. Chrisler, 90 Mo. 649; Dobyns v. Meyer, 95 Mo., 132; Davis v. Owenby, 14 Mo. 177; Sappington v. Oeschli, 49 Mo. 244; Bank v. Rohrer, 138 Mo. 369; Hord v. Harlan, 143 Mo. 469; Bank v. Newkirk, 144 Mo. 472; Drug Co. v. Self, 77 Mo. App. 284. (5) If the mortgage was only constructively fraudulent, instead of being fraudulent in fact, possession under it

vested in plaintiff the right to the property to the extent of his debt. Greeley v. Reading, 74 Mo. 309; Petring v. Chrisler, 90 Mo. 649; Dobyns v. Meyer, 95 Mo. 132; Boland v. Ross, 120 Mo. 217; Barton v. Sitlington, 128 Mo. 164; Bank v. Powers, 134 Mo. 445; Nash v. Norman, 5 Mo. App. 545; Brass Co. v. Webster G. and Q. Co., 37 Mo. App. 145; Furn. Co. v. Fricke, 39 Mo. App. 146; Melke & Co. v. Boldridge, 43 Mo. App. 336; State ex rel. v. Distilling Co., 60 Mo. App. 440; Shoe Co. v. Arnold, 82 Mo. App. 1.

BROADDUS, J.—This case, substantially, was before this court on a former occasion under the title of Keet & Rountree Dry Goods Company, appellant, v. T. L. Brown, Jr., defendant; A. J. Duckett, interpleader, respondent, and will be found reported in 73 Mo. App. 245. For convenience and to avoid repetition, we adopt the statement made by Judge GILL in that case.

It is claimed by the respondent that the aspect of the case is different from what it formerly appeared. We will call attention to this difference. On the former appeal the case was reversed and remanded, whereupon respondent dismissed his interplea therein and brought this suit for conversion. On his interplea in that case plaintiff claimed the goods in controversy on the ground, as shown by the record, that he was entitled to them by virtue of his mortgage and by reason of the fact that they were turned over to him as a pledge to secure certain indebtedness. This court held: "A mortgage which has been withheld from record in such way as to render it invalid as against creditors will not be validated as to intervening creditors by filing it of record and taking possession thereunder." And in speaking of plaintiff's claim under a pledge, the court used the following language, viz.: "The suggestion in brief for interpleader that the latter did not take possession *under his mortgage,* but rather under an independent agreement for a pledge made between him and

Brown. . . . is opposed by all the evidence and the conduct of the parties at the time, as will be seen by reference to the facts set out in our statement." The defendant contends that the statement of the court quoted constitutes a finding on the issue and is therefore *res adjudicata.*

On the trial of this case plaintiff was asked: "What did you do when you took charge of the goods? By what authority did you take charge?" Answer: "By authority of Brown turning the goods over to me. The building was mine. I think it was pretty good authority." Question: "Did he give them absolutely in payment of the debt? Were they your goods?" Answer: "He said he wanted the goods to pay the debts so far as they would go. He did not want me to have a cent more than just what was coming to me. No arrangement was made about the sale of the goods." Question: "Did you take possession of those goods by virtue of the chattel mortgage?" Answer: "No, sir. I did not so understand it." He then states that after taking possession, Brown talked with Young, who had drawn the mortgage, whose advice was that a notice be put on the door of the building that contained the goods that he had taken possession of them under his mortgage. Young also advised him to go to Greenfield and have his mortgage recorded. He was also asked: "Did you have any idea that your mortgage was defective in any way?" To which he answered: "I never regarded the mortgage as amounting to anything between anybody except me and Brown. I did not suppose that I would ever have any use for the mortgage whatever." There is nothing in this testimony to which our attention has been called that would in the least tend to show that plaintiff claimed the goods in the way of a pledge. What was said by Brown does not show that they were turned over to him for any other purpose than as stated—that he should proceed in whatever way he thought best. And as the result

Duckett v. Dry Goods Co.

showed that he thought best to base his claim to the possession of the goods under his mortgage and notified the world to that effect by the written notice placed upon the door of the store building. And he ought not to be permitted to belie the plain purport of his own act by the subterfuge of saying that he did not understand he was taking possession under his mortgage as he had never considered it as amounting to anything except as between himself and Brown, the mortgagor. If such a course should be encouraged it would afford a pretext for fraud. It is true that, as a rule, it is legitimate to inquire into the motives of men in explanation of their actions, but such inquiries should not be permitted, *aliunde,* in cases where the motive is so plainly apparent from the act itself that but one legitimate conclusion can be entertained. And it is a familiar rule that the intent with which one does an act is presumed to be that which was its natural consequence. As has been said, it allows a party to a suit to play fast and loose with the courts. And no stronger example could be presented than that of the attitude of the plaintiff in this case. After having been defeated in his claim that he took possession under his mortgage, he resorts to the only alternative left to him and is now seeking to recover on the ground that he took possession of the goods under a pledge for the payment of his debt. We are still of the same opinion entertained in the former case, that all the facts and circumstances show that plaintiff did not take possession of the goods under an independent agreement for a pledge between himself and Brown.

The cause is reversed with directions to enter judgment for the defendant for costs. All concur.