JULIA F. ATTAWAY *et al.*, Appellants, v. ISAAC HOSKINSON, Assignee, Respondent.

**St. Louis Court of Appeals, May 21, 1889.**

1. **Lease, Construction of.** The reservation in a recorded lease or a lien on personalty on the property leased is equivalent to a mortgage, covering, as between the parties to it, everything intended, and, as to third persons, everything within its terms.

2. ————. Such a reservation of a lien on the "furnishing" in a hotel is not, in the absence of evidence giving to this term some established meaning, effective as to third persons, because, without the aid of such evidence, the term is too indefinite to cover any specific property.

*Appeal from the Laclede County Circuit Court.*—HON. W. I. WALLACE, Judge.

AFFIRMED.

*C. M. Napton* and *J. F. Merryman,* for the appellants.

(1) The provisions of the lease that the furniture should be bound and subject to the payment of rent, renders it, in effect, a chattel mortgage to secure the rent. This was clearly the intent. Such contracts as this are sufficient to give an equitable lien having the same effect as a mortgage. *Mitchell v. Winslow,* 2 Story, 630; *Carter v. Holman,* 60 Mo. 498; *McQuie v. Peay,* 58 Mo. 56; *Blackburn v. Tweedie,* 60 Mo.

505; *Worley v. Dryden*, 57 Mo. 226; *Wright v. Bircher*, 72 Mo. 179. (2) The plaintiff maintains that she got the prior lien by recording her lease (mortgage) before the executions were actually levied, and the authorities bear out the claim. *Shaw v. Padley*, 64 Mo. 519. The record in this case states that these four judgments were obtained before justices of the peace, but fails to show that this property was, in the language of section 3017, Revised Statutes, "within the limits within which the constable can execute the process." Hence the record fails to show the facts which would warrant the court in finding that these judgments were a lien prior to the equitable lien of plaintiff. Again, it is clear that plaintiff's lien is prior to the executions, as said section 3017 further provides that the executions shall not be a lien upon personal property which shall have been "sold or pledged to an innocent purchaser before the levy of the writ." It is conceded on all sides that these executions were not levied until after the lease was recorded. The plaintiff's equities are equal to those of the judgment creditors. *Wright v. Bircher*, 5 Mo. App. 322; s. c., 72 Mo. 179.

*P. J. Nixon*, for the respondent.

(1) The description of the personal property to which the lease was intended to apply is so indefinite and uncertain that no court could, under the facts agreed upon, identify the particular property to which the parties intend to attach the lien. The lease, our only guide, a copy of which is in the record, only provides that the "furnishing of the hotel" shall be bound for the rent. It is void from uncertainty of description. *Henderson v. Ford*, 81 Mo. 532; *Hughes v. Menefee*, 29 Mo. App. 206. (2) This being a proceeding at law to enforce a lien created by contract on certain specific personal property, the plaintiff has no

lien on the proceeds arising from sale of the property. The lien arising out of the contract only being created by contract, its extent and limitations must be restricted to such contract. Appellants contend that the notice of clause in lien created a mortgage on the "furnishing." The stipulation provides that the court shall decide the rights of the creditors in the "proceeds of sale of said property, and whether the plaintiff has a prior lien." (3) The statute of fraudulent conveyances renders the lease and any lien created by it void as to all creditors. Possession of the personal property was never actually delivered to plaintiff; nor was the lease ever recorded until after Roberts made the assignment. The plaintiff clothed Roberts with the apparent ownership of said property, and allowed him to derive a false credit by the continued possession of the same. R. S., secs. 2501, 2503, 2505. The appellants dwell with much emphasis on the case of *Wright v. Bircher*, which has no application to this case, as the point there was that a lien may be imposed by contract on property to be acquired, and not *in esse*, and in that case the lease was recorded, and in all like cases the mortgage has been recorded. *Hughes v. Menefee*, 29 Mo. App. 202–203; *Rawlins v. Aean*, 80 Mo. 615; *Bryan v. Phain*, 18 Mo. App. 13.

ROMBAUER, P. J., delivered the opinion of the court.

The plaintiffs prosecute this appeal from an order of the circuit court, directing the assignee in the distribution of the proceeds of the sale of certain personal property, on which the plaintiffs, and other parties named in the order of distribution hereinafter referred to, claim conflicting liens. The question for decision is one touching the order of priority of such liens, and is to be determined upon the following statement of facts which were agreed to in the trial court.

The plaintiff, Julia F. Attaway, was the owner of a hotel building in Lebanon, Missouri. On January 21, 1888, she made a lease thereof to one Roberts, which provided, among other things, that the *furnishing* in said hotel should be bound and subject to the payment of the rent reserved. This lease was not recorded until October 24, 1888. On October 23, 1888, Roberts made a general assignment to the defendant Hoskinson for the benefit of all his creditors, and the deed of assignment was recorded that day. Hoskinson knew that there was a lease, but did not know of its contents. Prior to that time, four judgments were rendered against Roberts, bearing dates respectively, July 21, September 1, October 13, and September 29, 1888. Executions were issued on these judgments, and were placed in the hands of the constable of Lebanon township, where the property was situated prior to October 24, but no actual levy on the property was made until after the recording of the lease mentioned. Subsequent to the assignment, one White brought an action for the purchase money of some of the furniture in the hotel, and obtained judgment on November 3, 1888. There is due to the plaintiff for rent, under the lease, $396.12, but what portion of such rent accrued prior, and what portion subsequent, to the assignment does not appear. One Wallace had a mortgage on the property, which is conceded to be entitled to priority over the plaintiffs' claim for rent.

The court, upon this showing, determined the priorities as follows: *First.* The mortgage of Wallace. *Second.* The judgment of White. *Third.* The four other judgments rendered prior to October 24. *Fourth.* The plaintiffs' claim, and those of other creditors, *pro rata.* The court also adjudged that the plaintiffs pay the costs. From this order the plaintiffs appeal.

We must observe at the outset, that there is nothing in the record to show that the property assigned by Roberts and its proceeds are insufficient to pay all the

creditors in full. The plaintiffs assert in their statement filed in this court, that the assets are insufficient to pay anything beyond the third-class claims, but it would seem, that, as we cannot reverse a judgment except for prejudicial error, it is incumbent upon the appellants affirmatively to show by the record, that they were aggrieved by the judgment of the court. Their case in that respect rests solely on the assumption that one who makes a general assignment is presumed to be insolvent.

However this may be, the plaintiffs' claim must fail on more substantial grounds. We concede that the reservation in the lease was equivalent to a mortgage. *Wright v. Bircher*, 72 Mo. 179. As between the parties themselves, it was equivalent to a mortgage on everything which it was intended to cover; as to third persons it was a mortgage only on what it did cover by its express terms. The reservation is on the *furnishing* of the hotel, and there is no evidence whatever in the case that that term, by general usage in the community, means furniture, much less that it means furniture, utensils and personal property of all kind used in connection with a hotel, and which forms a part of the property assigned. The deed of assignment describes the property in detail, and not by the term *furnishing*. Webster does not recognize the existence of such a noun at all, while Worcester speaks of it as meaning *a sample*. How could the court without the aid of evidence, giving to the term used a generally accepted meaning in the community, declare that the mortgage covered the property assigned or any part thereof? The term used is too indefinite to cover any specific property, as no person could by aid of the mortgage, with such inquiries as the instrument itself suggests, identify the property conveyed.

Additional questions arise upon the record, as to whether the liens of the four judgments attaching to the property prior to the recording of the lease are not

entitled to priority over the lien reserved in the unre-corded lease. On these questions we desire to express no opinion. The plaintiffs' claim must fail for uncertainty of description of the property on which the lien is reserved.

All the judges concurring, the judgment is affirmed.