FAXON, HORTON & GALLAGHER, Appellants, v. I. M. RIDGE, Respondent.

Kansas City Court of Appeals, March 4, 1901.

1. **Landlord and Tenant:** CHATTEL MORTGAGE: LIEN ON PERSONALTY. A lease which provides that the personal property of the lessee shall be bound and subject to payment of the rents reserved and which is duly acknowledged and recorded, gives the lessor a mortgage lien on such property.

2. ——: ——: RECORDING STATUTE. Where a mortgage affects both real and personal property, the recording of the same in the records for real estate will be sufficient, since the statute only directs separate recording in the chattel record where the instrument conveys personal property alone.

3. **Records:** LIABILITY FOR MISTAKES OF. The grantee or mortgagee in an instrument is not responsible for the mistake, careless-

ness or criminality of the recorder and the latter's failure to record an instrument in the proper record can not affect the grantee's rights.

4. **Landlord and Tenant: LEASE: CHATTEL: RECORDING: NOT-ICE.** A lease for a term is not real estate but a chattel real affecting real estate, and under the statute should be recorded in the real estate records, and its record there gives notice of any lien it gives on any personal property therein conveyed.

5. **Chattel Mortgage: RECORDING: CHAIN OF TITLE: NOTICE.** The rule prevailing as to real estate that the record is only constructive notice to subsequent purchasers deriving title from the same grantor and that a deed outside the chain of title is not constructive notice though recorded, does not apply to mortgages of personal property.

Appeal from Jackson Circuit Court.—*Hon. E. P. Gates,* Judge.

AFFIRMED.

*Austin & Austin* for appellants.

(1) The stipulation in said lease under which respondent claims the property in controversy, did not operate as a chattel mortgage upon said property, but gave to respondent only an equitable lien thereon. Jones on Chattel Mort. (3 Ed.), secs. 1, 2 and n. 5, to sec. 13; Vanstone v. Goodwin, 42 Mo. App. 39, 46; Dalton v. Laudahn, 27 Mich. 529; Burgess v. Kattleman, 41 Mo. 480, 483; State ex rel. Wright v. Adams, 76 Mo. 605, 612; 2 Pomeroy, Eq. Jur., sec. 591; 3 Pomeroy, Eq. Jur., sec. 1253. (2) The record of an instrument operates as a constructive notice only when the instrument itself is one which the statute authorizes or requires to be recorded. 2 Pomeroy, Eq. Jur., sec. 651; Wade on Notice, sec. 119; Moore v. Hunter, 6 Ill. 317; Pringle v. Dunn, 37

Wis. 449; White v. Quinlan, 30 Mo. App. 54, 63; Burgess v.
Kattleman, 41 Mo. 480, 483; State ex rel. Wright v. Adams,
76 Mo. 605, 612. In both of these cases the supreme court de-
cided that clauses of this kind in a lease do not operate as a
chattel mortgage, but gave to the lessor only an equitable lien.
1 Jones on Liens, sec. 546. The following are three different
decisions upon the same case, presenting the same state of
facts. Wright v. Bircher, 5 Mo. App. 322; Wright v. Bircher,
72 Mo. 179; State ex rel. Wright v. Adams, 76 Mo. App. 605,
612. (3) The record of a lease upon the real estate records
was not such as is required by our statutes and imported no
notice to appellants. To make it have such an effect, it should
have been recorded as well in the records relating to chattel
mortgages. Jones on Chattel Mort., sec. 279; Johnson v.
Crowfoot, 53 Barb. (N. Y.), 574; Thomas v. Beacon, 34 Hun.
(N. Y.), 88; Stewart v. Beale, 7 Hun. (N. Y.), 405; Duffus
v. Bangs, 122 N. Y. 423. It will no doubt be claimed by
respondent that the case of Jennings v. Sparkman, 39 Mo.
App. 663, is decisive upon this point, but the court will notice
that the facts in that case differ widely from the case at bar.
We submit that a party, by combining two distinct instruments
in this way, can not evade the law in regard to the record of
the same, but that such law would operate upon them the same
as though they had been set out in two separate and distinct
instruments. (4) In this view of the case, if the lien operates
as a chattel mortgage so far as Kimball is concerned, it is an
instrument conveying personal property alone, and therefore
should have been recorded in the separate records provided for
such instruments. 20 Am. and Eng. Ency. of Law, 537;
Wade on Notice, secs, 67, 77. (5) As related to real estate,
it is a settled doctrine that a record is only constructive notice
to a subsequent purchaser who derives title from same grantor.
A deed of conveyance nor instrument of any kind, lying out-

side of the chain of title, will impart no notice to the purchaser. 2 Pomeroy, Eq. Jur., sec. 658, n. 2 and cases cited; Crokett v. Maguire, 10 Mo. 34; Digman v. McCollum, 47 Mo. 372, 374; Tydings v. Pitcher, 82 Mo. 379, 382; Ford v. Unity Society, 120 Mo. 498, 513.   Why should not the same rule apply in relation to personal property?

*Lathrop, Morrow, Fox & Moore* for respondent.

(1)   The lien given by the lease was equivalent to a chattel mortgage or pledge.   Attaway v. Hoskinson, 37 Mo. App. 132, 136; Wright v. Bircher, 5 Mo. App. 322, 331; Hughes v. Menefee, 29 Mo. App. 192, 203; Wright v. Bircher, 72 Mo. 179.   (2) Whether the lien be called a chattel mortgage or a pledge, the statute requires its recording, and it imparts notice when recorded.   R. S. 1899, chap. 30.   (3) The lease was properly recorded so as to impart notice of the lien therein contained.   Jennings v. Sparkman, 39 Mo. App. 663.   (4) In the following cases: Wright v. Bircher, 72 Mo. 179; and State ex rel. Wright v. Adams, 605, it was not held that the lien clause, which in those cases is similar to the one in this case, gave, in and of itself, merely an equitable lien, but the holding was that such lien clause gave an equitable lien or mortgage solely, because the property to which it was sought to be made applicable was after-acquired property and *in esse* at the time the lien was given.

ELLISON, J.—This is an action of replevin and judgment was rendered for defendant in the trial court.   The property in controversy was taken by the sheriff from the possession of defendant, who thereupon executed a re-delivery bond and received the same back from the sheriff.   The plaintiffs then began this action.   The case was submitted to the

circuit court on an agreed statement of facts, the following being the portions necessary to a full understanding of the points presented for decision:

"February 20, 1897, George E. Kimball, Jr., leased from defendant, I. M. Ridge, a storeroom and basement known as No. 908 Walnut Street, in Kansas City, Missouri, for two years, beginning March 1, 1897, and on said day a written lease was duly executed by said Ridge and Kimball and filed for record by said Ridge on February 27, 1897, in the recorder's office in Jackson county, Missouri, at Kansas City, and was by said recorder recorded in book B, number 643, page 110 of the real estate records in said office, and indexed in said office as an instrument affecting real estate. But the same was not then or at any time afterwards recorded or indexed in said office in the records wherein are recorded chattel mortgages or instruments affecting personal property.

"Said lease contained the following stipulation: That all of the property of said second party, or the assigns of this lease, whether subject to legal exemption or not in said storeroom, basement and premises, shall be bound and subject to the payment of the rents reserved as above, and any rent so agreed to be paid, remaining due and unpaid, and any damages due from said second party to said first party, arising out of the terms of this agreement, shall be and constitute a lien upon all of the property of said second party, or his assigns, in said premises contained.

"The property in controversy in this action consists of drug fixtures placed in said storeroom, No. 908 Walnut street, in Kansas City, Missouri, by said Kimball. Fixtures are here used not in the sense of being attached to the realty, but as articles used in the business which were not for sale as other merchandise.

"Plaintiffs are wholesale druggists, and as such sold said

Kimball drugs and merchandise during the years 1897 and 1898, to be used in said business, and on February 3, 1898, said Kimball was indebted to said plaintiffs for said merchandise so sold in the sum of $979.06, and on said day executed and delivered to plaintiffs his three notes of that date, one for $804.06, payable one day after date, one for $100, payable five months after date, and one for $75, payable four months after date, all drawing seven per cent interest per annum from date thereof.

"On July 7, 1898, all of said notes being past due and unpaid, plaintiff demanded payment of same or that they be secured. Upon the refusal of said Kimball to pay or secure said notes, plaintiffs brought suit upon the same in the circuit court of Jackson county, Missouri, at Kansas City, and attached said stock of drugs and drug fixtures. After the issuance and levy of said attachment, said Kimball agreed to secure said indebtedness by chattel mortgage on said stock of drugs and fixtures, if plaintiffs would dismiss their said attachment suit. Plaintiffs thereupon thoroughly examined the chattel mortgage records and indexes in said recorder of deeds office, and finding no lien or conveyance affecting said stock of goods and fixtures, took the chattel mortgage from said Kimball upon the whole of said stock and fixtures, and released their said attachment.

"Said chattel mortgage was duly executed and delivered July 7, 1898, and was duly filed for record and recorded July 7, 1898, 2:40 p. m., book 191, page 179 of chattel mortgage records.

"Upon the execution and recording of said chattel mortgage, said plaintiffs took possession of the said stock of drugs and fixtures under and by virtue of their chattel mortgage, and held possession of same for several days. Afterwards, plaintiffs released from the operation of the lien of the chattel mort-

Faxon v. Ridge.

gage all of the stock of drugs and delivered back possession of said drugs and fixtures to said Kimball, who continued to run the said drugstore and had possession of said fixtures until about the ......day of January, 1899, when defendant, Ridge, attached and sold the stock of drugs described in said chattel mortgage for rent due under said lease, and took possession of the property in controversy, claiming same under said lien clause set out in said lease, and retained same until this action was brought.

"Plaintiffs, at the time of the sale of said goods to said Kimball and at the time of the execution of said notes and said chattel mortgage, had no actual knowledge or notice of the said lease hereinbefore referred to or of its contents or of the record thereof, except such notice or knowledge, if any, as the law would impute by the recording of said lease as it was recorded.

"Plaintiffs claim the drug fixtures hereinbefore described by virtue of said mortgage, and defendant claims same by virtue of the provision in said lease, and the question submitted to the court is, which of the said parties is entitled to the said fixtures under the above statement of facts. The value of the property in controversy is $450."

It is contended by plaintiffs that the provision in the lease, above set forth, gave defendant only an equitable lien on the fixtures. That it was not a chattel mortgage, and not being .such, its being recorded was of no effect since it is only the recording of such instruments as are required to be recorded that imports constructive notice; and it being stipulated that plaintiffs had no actual notice of the lease when they took their mortgage they are not bound thereby.

The question on the branch of the case just stated is, whether the terms of the lease gave defendant a mortgage lien

Faxon v. Ridge.

on the property in controversy? We answer the question in the affirmative. Plaintiffs contend that such terms do not amount to a mortgage and rely on the cases of Wright v. Bircher, 72 Mo. 179; State ex rel. v. Adams, 76 Mo. 605, and Burgess v. Kattleman, 41 Mo. 480. Those cases do not support plaintiffs' contention. The two former relate to a lien given on property not in existence at the date of the instrument conferring the lien. It was ruled in the first case that a lien could not be given at law on property not in existence when the conveyance was executed, but that such conveyance gave an equitable lien when the property came into being. The second case concerned the same property and the question there related to liability of the lienor for the use of the property after he took possession and before he acquired full title by purchase. It was held that he was liable for the use of the property between those periods. The last case likewise related to property yet to come into existence and was decided on an interpretation of the evident intention of the parties as disclosed by the lien paper. Neither of these cases are in point for plaintiffs.

A reservation in a lease of a specific lien on personalty is equivalent to, and is, in effect, a chattel mortgage. 1 Cobbey Chattel Mort., sec. 113; Jones Chattel Mort., sec. 13; Attaway v. Hoskinson, 37 Mo. App. 132; Wright v. Bircher, 5 Mo. App. 322. In the latter case it was said: "No particular words are requisite to constitute a mortgage, and if it is apparent that a mortgage was intended, the courts will so construe the words. 'I pledge and give a lien,' were the words in *Langdon v. Buell,* 9 Wend 80, and the writing was construed to be a mortgage. In Vermont a writing to this effect, 'turned out and delivered to P. A. one white cow which he may dispose of in fourteen days to satisfy an execution,' was held to be a mortgage in the absence of all proof to explain it. Atwater v.

Mower, 10 Vt. 75. In that case, the cow was left in posses-
sion of the mortgagor. It was held that it could not, therefore,
be a pledge, and must be a mortgage. Any conveyance of
property intended by the parties making it, at the time they
made it, to be a security is a mortgage." The case of Wright
v. Bircher, 72 Mo. 179, though a lease with lien reserved,
shows that it was regarded as a mortgage.

But is is further insisted by plaintiff that though the lien
reserved be considered a mortgage, yet it was not recorded as
required by statute so as to impart constructive notice. The
agreed statement of facts shows that the lease was recorded in
the records affecting real estate and not in the record for chattel
mortgages. The question, therefore, is, where the same instru-
ment affects both real and personal property, will a recording
in the records for real estate be a sufficient recording of the
instrument as a chattel mortgage. In our opinion, it will.
It was so held in an opinion by Judge ROMBAUER in Jennings
v. Sparkman, 39 Mo. App. 663. See, also, Anthony v. Butter,
13 Peters 423. The statute itself, while providing for separ-
ate registration, does not apply to cases where the instrument
conveys both kinds of property. The statute (Section 9064,
R. S. 1899) only directs separate recording in a chattel record
where the instrument conveys "personal property *alone*."

But conceding that recording on the real estate record was
not sufficient as to the chattels conveyed, yet it would not fol-
low that defendant should suffer. While it is not true in all
the States, yet in this State and some others, it seems to be
determined to be the policy of the law not to hold the grantee
or mortgagee responsible for the mistake, or carelessness, or
criminality of the recorder. Thus, it is held that if a grantee
files his deed with the recorder, the latter's failure to index it
will not affect the former. Bishop v. Schneider, 46 Mo. 472.
And so the same was held where, through the misconduct of

the recorder, the mortgage "disappeared." Marlet v. Hinman, 77 Wis. 136. And, the same, where the mortgage is delivered to the recorder for filing and he omits to place it with other such mortgages in his office. Appleton Mill Co. v. Warder, 42 Minn. 117. It does not appear distinctly how the instrument here was delivered to the recorder. But if the omission to also record it in the chattel record (conceding it to be necessary) was the oversight or neglect of the recorder, it should not affect the defendant.

Though this was a two-year lease of real estate, the interest conveyed was not real estate. It was a chattel. 1 Washburn on Real Property, 310. "There are interests in lands, which, from their not being inheritable, are regarded as chattels, though in their nature partaking of the character of realty, from the property itself being fixed and immovable, such as estates for years, which go to the executors or administrators upon the death of the tenant, rather than his heirs." Ib. 6. A lease, though for a term of years, is a chattel and it has been held that it may be sold on execution on the procedure for selling personal property. Brown v. Beecher, 120 Pa. St. 590; Titusville Novelty Appeal, 77 Pa. St. 103; Kile v. Giebner, 114 Pa. St. 381.

The interest conveyed by the lease being a chattel and the drugstore fixtures also being chattels, it may, therefore, be said that the lease conveyed only one kind of property, viz.: personalty, and therefore it was not properly put on the real estate record at all, and should have been placed on the chattel record alone. But a lease, while a chattel, is a chattel real and there is a difference between it and chattels personal. Besides, the statute influences the situation at this juncture. It reads as follows: "Every instrument in writing that conveys any real estate, or whereby any real estate may be affected, in law or equity, proved or acknowledged and certified in the

manner hereinbefore prescribed, shall be recorded in the office of the recorder of the county in which such real estate is situated." R. S. 1899, sec. 923. The lease paper, though a chattel, was certainly an instrument which "affected" real estate in the sense of that statute. It was therefore necessary to the protection of the lessor, that it be recorded in the real estate records and being thus properly recorded for that purpose, it, as we have already seen, made a sufficient recording of the personal chattels proper.

It is further suggested by plaintiffs that, as to real estate, the record is only constructive notice to subsequent purchasers who derive title from the same grantor; and that a deed lying outside the chain of title is not constructive notice, though recorded. That therefore the rule ought to apply to personal property. We are of the opinion that from the difference in the nature of real and personal property and its legal mode of transfer from grantor to grantee, the foregoing rule ought not to be held applicable to personal property. All conveyances of real estate are in writing and registered, and form a chain of title; while in scarcely any conveyances of personal property, is such requisite necessary. The reason of the rule which protects one in searching the record title to a piece of real estate, does not apply to personalty.

We are satisfied, after a careful review of the argument and brief of plaintiffs' counsel, that no error has been shown and the judgment will be affirmed. All concur.