## BEN T. HARDIN, Appellant, v. BANK OF CENTRALIA et al., Respondents.

Kansas City Court of Appeals, January 5, 1914.

1. **CHATTEL MORTGAGES: Withholding from Record: Extension of Credit.** Though one has a prior chattel mortgage, if he withholds it from record and during the time he is so withholding it, a third party extends credit to the mortgagor, allowing such mortgagor to become indebted to him, the mortgage is void as to such creditor, and subsequent recording will not cause it to become a lien as against the claim of such creditor.

2. ———: **LANDLORD AND TENANT: Third Party: Superior Right.** A landlord rented his farm to a tenant for three years, taking a written lease with a lien on his live stock reserved therein and withheld the lease from record for more than two years. In the meantime a third party loaned money to the tenant, taking a chattel mortgage on the same stock and this mortgage was not recorded for two months, during which time the landlord threatened to oust the tenant for nonpayment of an installment of rent, but finally forbore to do so and recorded his lease. In a few days thereafter the third party recorded his mortgage. *Held*, that the landlord's lease mortgage was void as to the third party's claim and that his re-

cording it after the third party had extended credit to the tenant did not revive it. And *held, further,* that the third party's superior right arose from his having extended credit while the lease was not on record, and he did not depend on his chattel mortgage.

Appeal from Randolph Circuit Court.—*Hon. Alex H. Waller,* Judge.

AFFIRMED.

*George Robertson, W. P. Cave* and *Ben T. Hardin* for appellant.

The court erred in finding against the plaintiff, and dismissing his bill. The rule is well settled in this State that the reservation in a lease, of a specific lien on personal property, is equivalent to, and is, in effect, a chattel mortgage. Faxon v. Ridge, 87 Mo. App. 299, 306; Feller v. McKillip, 100 Mo. App. 660, 664; Saunders v. Ohlhausen, 127 Mo. App. 546, 551. It is equally well settled that one holding a lease containing such mortgage clause, has the right to maintain replevin for the personal property of the lessee, upon his failure to pay the rent when due; and appellant had such right so to proceed against his tenant, Hielscher, for such cause, on the 7th day of February, 1912. Feller v. McKillip, 100 Mo. App. 660, 664.

*E. W. Hinton* and *McBaine & Clark* for respondents.

By the terms of the statute the mortgage clause in plaintiff's lease was void while the instrument remained unrecorded, and the subsequent recording of the instrument on the 8th of February, 1912, could not validate it as against the defendant bank, because in the interim the bank had extended credit to the debtor, Hielscher, on the faith of his apparently unincumbered property. Williams v. Kirk, 68 Mo. App. 457; Dry Goods Co. v. Brown, 73 Mo. App. 245; Landis v. Mc-

Donald, 88 Mo. App. 335; Harrison v. Mining Co., 95 Mo. App. 80; In re Wade, 185 Fed. 664; In re Boothe, 173 Fed. 597; McElrain v. Hardesty, 169 Fed. 31; Bank v. Connett, 142 Fed. 33.

ELLISON, P. J.—Plaintiff's action was instituted by filing his bill in equity whereby he asserts a lien on certain personal property and asks to have it declared a prior and superior lien to one claimed to exist in favor of the defendant bank. The judgment in the trial court was for defendants.

It appears that plaintiff was the owner of a farm in Audrain county which by a written lease dated the 25th of September, 1909, he rented to one Hielscher for a term of three years, beginning on the 1st day of March, 1910 and ending on the 28th day of February, 1913, the rent being $3240, at the rate of $1080 for each year, for which latter sum Hielscher executed his three notes, the first one falling due the 21st of December, 1910 and the second and third on corresponding days in 1911 and 1912, each bearing eight per cent interest. It was stipulated in the lease that a lien was reserved on the crops to be raised on the land and on all stock and other property brought onto it by Hielscher. The note first falling due was paid about the time it matured; and on the 10th of January, 1912, there was paid $631.60 on the second note, but the balance on that note with interest and the whole of the third note and interest remains unpaid. Considerable live stock and other personal property belonging to Hielscher was brought onto the farm by him, and on this plaintiff claims his lease lien, in the nature of a chattel mortgage, attached. This lease was withheld from the records for more than two years, not being filed with the recorder until the 12th of February, 1912.

Defendant Early was the defendant's bank cashier and we will therefore refer to the bank as the party in interest in the case. The answer sets up certain in-

debtedness owing by Hielscher to the bank and charges that plaintiff's lease mortgage was fraudulently withheld from record, and that during the time it was so withheld it extended credit to Hielscher by loaning him money and taking from him chattel mortgages securing the same, the last of these mortgages being upon the property which plaintiff claims is covered by his lease lien. The dates of this indebtedness is first a note for a loan of $3000, made on the 26th of February, 1909, secured by a chattel mortgage, duly recorded. By the 23rd of February, 1910, Hielscher had paid this note down to $1400, and on that day borrowed $450 more, took up the note for $3000, and executed his note for $1850, secured by chattel mortgage duly recorded. By the 23rd of February, 1911, Hielscher had reduced this last note to $1550, and took it up by giving a new note, on that day, for that sum secured by chattel mortgage; and before the expiration of another year, on the 23rd of January, 1912, he had reduced this note to $1350 and took it up by giving a new note payable on demand for the latter sum secured by chattel mortgage, which, by oversight, was not recorded until the 26th of March, over two months thereafter. This last note is the indebtedness forming the basis of defendant's claim.

It appears that one Hielscher not paying the balance due for his second year's rent, plaintiff sent his agent to see him and collect this balance. He informed her that he could not pay and she threatened to turn him out and he asked further time, stating that if he was allowed to remain through the third year he could pay all the rent. The agent then asked him if he had put any mortgage on the property and he said he had mortgaged it to secure note of $1550 to defendant, a part of which had been paid. The agent also had the record examined by an attorney and he told her of this mortgage. The agent finally told him he could re-

main and then had the lease placed on record, as has been stated.

Shortly afterwards, in April, 1912, Hielscher concluded to have a sale of his property and so advertised it, the bank's cashier (defendant Early) acting as clerk. Defendant notified plaintiff who lived at Kansas City of the approaching sale and he went to Centralia where defendant bank was located, with an intention of instituting an action to stop the sale. On arriving there, defendant's officers, thinking their mortgage had been immediately recorded, told him it had and he testified that supposing the information was correct and that that mortgage was recorded prior to his lease, he refrained from bringing the suit. The sale took place, realizing $1484.46 net, which was placed to Hielscher's credit in the bank and at his request, Early applied $1385 of that sum to the payment of the bank's note, the balance remaining to Hielscher's credit.

The foregoing recital omits some detail of statement made by the parties, but it is sufficient for an understanding of the questions involved. It appears therefrom that defendant's last note of 23rd January, 1912, for $1350, was made up of past indebtedness; that a great part of that indebtedness was incurred to defendant and the last note executed for it, while plaintiff was withholding his lease, with mortgage clause, from record; and though such lease was recorded before defendant received payment of its last note out of the proceeds of the public sale, yet it was void as to defendant. For the law is that if one has a prior chattel mortgage which he withholds from record but finally does record it, it will be void as to a subsequent creditor who has extended the credit while the mortgage was withheld from the record. [Harrison v. Mining Co., 95 Mo. App. 80; Landis v. McDonald, 88 Mo. App. 335; Dry Goods Co. v. Brown, 73 Mo. App. 245; Williams v. Kirk, 68 Mo. App. 457.] And

this has been repeatedly held by the courts of other States. [Karst v. Gane, 136 N. Y. 316; Thompson v. Van Verchen, 27 N. Y. 538; Parshall v. Eggart, 54 N. Y. 22; Graham Britton Co. v. Speilman, 50 N. J. Eq. 120; Roe v. Meding, 53 N. J. Eq. 350; Cutler v. Steele, 85 Mich. 627, 630, 631; Root v. Harl, 62 Mich. 420; Crippen v. Fletcher, 56 Mich. 386; Hilliard v. Cagle, 46 Miss. 336; Bank v. Oium, 3 N. Dak. 200.] And so it has been held by the Federal courts. [In re Wade, 185 Fed. 664; In re Bothe, 173 Fed. 597; Mc-Elrain v. Hardesty, 169 Fed. 31; Bank v. Connett, 142 Fed. 33.]

But by a process of reasoning grounded on these same authorities plaintiff seeks to sustain his case. He insists that although defendant's position would have given it the advantage if the controversy had arisen on the former indebtedness of Hielscher to it, which came into existence during the time his mortgage was being withheld, yet this last note and mortgage was a new transaction and that during the two months' time the mortgage was withheld from record, he extended the time of the payment of Hielscher's rent payments and that he refrained from bringing suit to oust him for nonpayment of balance due on the second year. Now if we allow to plaintiff that he altered his position towards Hielscher by forbearing to oust him; and conceding that defendant's mortgage being off record at that time was invalid as to him, how does that affect defendant's position? Defendant need not say that it has a mortgage which is superior to plaintiff's; it need only insist that it has a claim which has precedence over plaintiff's mortgage. If defendant's mortgage were blotted out of existence that would not aid plaintiff. Defendant's superiority in right arises from the fact that during the time plaintiff was withholding his lease mortgage from record, it extended the credit and made the loan to Hielscher. No

subsequent recording by plaintiff could have the effect to legalize his mortgage as a lien which would affect that superiority. Repeating the substance of what we have already written, plaintiff says that the last mortgage to defendant, under which he says it is now claiming, not being on record he felt secure and forebore turning Hieescher off his farm, and therefore his claim is the superior. But in this, he leaves entirely out of view that it was his own prior negligent conduct which induced defendant to allow Hielscher to become its debtor. So far as might concern any contest with plaintiff, defendant need never have recorded its mortgage. In its contest with him its mortgage neither added to nor subtracted from the advantage of its position.

We do not agree with plaintiff that there is any liability on part of defendant or its cashier Early, for the sum realized at the sale over its claim. That was deposited to Hielscher's credit. Plaintiff's action is grounded on the alleged validity of his lease lien which we have shown to be void.

It follows that defendant had a right to receive payment of its note from the proceeds of the sale of the property free from any set up by plaintiff and the judgment should be affirmed.

All concur.