CHRISTIAN    DUBACH,    Appellant,    v.    C.    R. DYSART, Respondent.

Kansas City Court of Appeals, December 7, 1914.

1. **LANDLORD AND TENANT: Sale of Crops Grown on Demised Premises: Knowledge of Purchaser.** In a suit by a landlord to recover the value of crops grown on the demised premises sold by the tenant, brought under Sec. 7888, R. S. 1909, the "knowledge" of the purchaser spoken of by the statute means actual knowledge or such actual notice as would put the purchaser upon inquiry, and does not mean constructive notice such as would be given by a public record.

2. ———: **Constructive Notice.** There is no statute giving to the record of a lease the power to impart constructive notice of a landlord's lien. It is only by force of statutory enactment that the record of a deed or of a chattel mortgage imparts constructive notice of their contents.

3. ———: ———: **Lease Affecting Real Estate.** Although the lease may "affect" real estate within the meaning of Sec. 2809, R. S. 1909, and therefore may be admitted to record when duly acknowledged, yet the notice such record imparts under Sec. 2810 is only notice concerning the real estate itself. It can have no power to impart notice that a commodity, which is purely personal property and is in a condition to pass readily in the operations of commerce and trade, was grown on the real estate affected by such lease.

4. ———: ———: ———. There is no provision in the statute for public notice of landlord's lien. To hold that the mere recording of a lease would have this effect would be to place too great an embargo upon the transfer of a large portion of the personal property of the country.

5. ———: **Lease Reserving Lien on Crops for Rent: Not a Chattel Mortgage.** A lease which reserves a lien on the crop may be a chattel mortgage as between the parties themselves and those having knowledge of the situation of the property,

Dubach v. Dysart.

,but not as to parties who have nothing to do with the instrument and know nothing of the origin of the crops. As the lease gave to the landlord only the lien the law gave him and no more, it was not a chattel mortgage

Appeal from Andrew Circuit Court.—*Hon. A. D. Burnes*, Judge.

AFFIRMED.

*Lawrence Bothwell* and *Hine & Cross* for appellant.

(1) Every instrument in writing, whereby any real estate "may be affected" when proved or acknowledged, can be recorded. Sec. 2809, R. S. 1909. (2) A written lease affects real estate in the sense of this statute. Faxon v. Ridge, 87 Mo. App. 299. (3) A lease which provides that the personal property of the lessee shall be bound and subject to payment of the rents reserved, and which is duly acknowledged and recorded is equivalent to, and is, in effect, a chattel mortgage, and its record gives notice of the lien on the property therein conveyed. Faxon v. Ridge, 87 Mo. App. 299; citing, 1 Cobby, Chattel Mortgages, sec. 113; Jones, Chattel Mortgages, sec. 13; Ottawa v. Hoskinson, 37 Mo. App. 132; Wright v. Bircher, 5 Mo. App. 322; Feller v. McKillip, 100 Mo. App. 660. (4) A chattel mortgage when filed imparts notice of its contents to all the world. Sec. 2861, R. S. 1909. (5) The law requires nothing more of the lessor in order to properly impart notice than to file the instrument with the recorder, and for mistakes made by the recorder in entering the same, the party filing is not responsible. Seymore v. Dabbs, 170 Mo. App. 151. (6) Whether the rent be due or not, if the tenant who is liable therefor, sells crops, the purchaser buys at his peril. Sec. 7896, R. S. 1909. (7) Any person to whom rent is due, whether he is

assignee or not, can recover the value of the corn. Secs. 7898 and 7899, R. S. 1909.

*Stephen Fee* and *Boher & Williams* for respondent.

(1) Landlord must show affirmatively that the tenant who grew the crop was indebted to him for the rent for that year, and that said rent was due and payable within eight months preceding the suit. Beck v. Wisely, 52 Mo. App. 242. (2) Appellant should have proven the date suit was filed, or asked the court to instruct the jury as to the date. Chapman v. Currie, 51 Mo. App. 40. (3) It must be shown that the purchaser of produce had knowledge that the vendor lived on rented property before recovery can be had by the landlord. Castleman v. Harris, 86 Mo. App. 270; Toney v. Goodley, 57 Mo. App. 235. (4) The record of a lease cannot be made constructive notice of the existence or contents of the lease, unless made so by positive statutory enactment. Kelley v. Vandiver, 75 Mo. App. 435; Jordan v. Pence, 123 Mo. App. 321. (5) The leasehold estate was not converted into real estate by section 2933 (now section 345, R. S. 1909), or any other statute. The leasehold in spite of these statutes is personal property. Orchard v. Stove Co., 255 Mo. 414. (6) A leasehold for less than three years is personal property. Sec. 2193, R. S. 1909; Gunn v. Sinclair, 52 Mo. 327. (7) A chattel mortgage on property not *in esse* will not convey the legal title to the property when it comes into existence, but an equitable lien only attaches, which lien may be enforced by equitable proceedings against the mortgagor or those claiming title to the property under him with actual notice of the mortgage. Swinney v. Gouty, 83 Mo. App. 552. (8) The lease in this case was not a mortgage, because the property was not in existence at the time of the exe-

cution of the lease. Wright v. Bircher, 72 Mo. 179; State ex rel. v. Adams, 76 Mo. 605; Burges v. Kattleman, 41 Mo. 480. (9) The lease was not intended as mortgage, and it is not a mortgage for it merely repeats the language of the statute. Sec. 7888, R. S. 1909. (10) As this lease is not a formal mortgage giving the landlord the right to enter and take possession of the goods and sell them, he would have to resort to the courts in some form of action to enforce his mortgage. Filler v. McKillip, 100 Mo. App. 664.

TRIMBLE, J.—This is a suit brought by a landlord to recover the value of certain corn raised on demised premises and sold by the tenant to the defendant. Section 7888, Revised Statutes 1909, gives the landlord a lien upon the crops grown on the demised premises in any year for the rent that shall accrue for such year, which lien shall continue for eight months after the rent becomes due; and the last clause of section 7896, Revised Statutes 1909, provides that "if any person shall buy any crop grown on demised premises upon which any rent is unpaid, and such purchaser has knowledge of the fact that such crop was grown on demised premises, he shall be liable in an action for the value thereof, to any party entitled thereto, etc."

The corn was grown during the season of 1912 and was sold to defendant by the tenant, Lance, somewhere between December 15, 1912, and January 1, 1913. There was no evidence tending to show that defendant knew the corn was grown on leased premises or that Lance, vendor of the corn, was a tenant. In fact, at the beginning of the season, March 1, 1912, he was the owner of the land on which the crop was planted and told defendant he had bought the place. Shortly thereafter, however, Lance sold the land to one Reed and took a written lease from him from

May 2, 1912, to March 1, 1913, in which the rent was due and payable on said last named date. The lease was signed by the lessor and lessee but was not acknowledged. On July 18, 1912, Reed conveyed the land to plaintiff and endorsed on the lease an assignment thereof to plaintiff and duly acknowledged the assignment before a notary public. The assignment was of "my interest in the within lease as lessor," and plaintiff at once had the lease and assignment recorded. Defendant knew nothing of Lance having sold his land or of having taken the lease thereon or of plaintiff having acquired the land and the lease. At the time the corn was hauled to him in town he supposed Lance still was the owner of the land.

There being no evidence to show that defendant had knowledge of the fact that the corn was grown on demised premises, plaintiff relied upon the recorded lease to give defendant constructive notice of that fact, and asked an instruction telling the jury that the record of the lease was notice of its contents and of the fact that the corn raised on the land described in said lease was subject to the landlord's lien for rent. The court refused to give this instruction. The jury found for defendant and plaintiff appealed claiming that the failure to give said instruction was error.

It would seem that the "knowledge" spoken of in the statute means actual knowledge or such actual notice as would put defendant upon inquiry, and does not mean constructive notice such as would be given by a public record. The lease ran from May 1, 1912, to March 1, 1913, less than a year. It was, therefore, personalty and not real estate. As between the landlord and the tenant, the growing crop was personalty, and certainly when the corn was gathered and hauled away from the premises by the tenant, it was personal property. Now, there is no statute saying that the record of a lease shall impart constructive notice that

crops grown on lands discribed therein are subject to the landlord's lien for rent. The record of a deed would not be constructive notice of its contents were it not made so by statute. [Kelley v. Vandiver, 75 Mo. App. 435, 1. c. 440.] Consequently, section 2810, Revised Statutes 1909, was enacted for this purpose and performs this office. Neither would the record of a chattel mortgage be constructive notice of its existence if there were no statute giving it such effect. [Jordan v. Pence, 123 Mo. App. 321, 1. c. 324, and authorities cited.] Consequently, section 2861, Revised Statutes 1909, was enacted to make it "notice of the contents thereof to all the world." But there is no statute making the record of a lease constructive notice of a lien on crops for rent, or notice that agricultural products in the hands of the lessee were grown on demised premises.

But, although there is no statute requiring leases of so short a term as the one at bar to be recorded, yet plaintiff says section 2809, Revised Statutes 1909, provides that every instrument in writing, duly acknowledged, whereby any real estate may be "affected" shall be recorded, and section 2810 says every such instrument shall impart notice to all subsequent purchasers; and since the lease in question "affects" real estate, and since it, with its acknowledged assignment, has been recorded, it imparted notice to defendant. Doubtless it would if defendant had purchased the real estate itself or an interest therein, but he merely bought corn after it had been gathered and hauled to town. The notice imparted by force of this section is notice of the possession, use and title of the real estate itself and of any interest therein. It can have no power to make the record of a lease impart notice that a commodity, which is purely personal property and is in a condition to pass readily in the operations of commerce and trade, was grown on the real estate affected by such lease. To hold

that the mere recording of a lease would have this effect would be "to place too great an embargo upon the transfer of so large a portion of the personal property of the country." "There is no provision made in the statute for public notice of a landlord's lien, and it is fair to assume that, in the absence of general notice, it was·intended that there should be knowledge binding upon the purchaser." [Toney v. Goodley, 57 Mo. App. 1. c. 249.] If the recording of a lease imparted notice of a landlord's lien on the crops, then a landlord would not have to be alert and watchful and attach when the crops are about to be moved. All he would have to do would bè to have his lease acknowledged and recorded and then sit back in .ease, and no one could with safety buy grain on the market without first running to the recorder's office to see if the vendor was the lessee in any leases recorded therein. In Castleman v. Harris, 86 Mo. App. 270, and in Toney v. Goodley, supra, it was held that knowledge that the vendor was not a landowner but lived on rented property, without knowledge that the property sold was grown on rented premises, was not sufficient to charge the purchaser with knowledge. It follows from this that even if the recorded lease gave defendant constructive notice that the vendor was a tenant and not a landowner, this would be wholly insufficient.

The lease contained a provision that the landlord should have a lien upon all the crops on the leased premises to secure the rent. Plaintiff says this clause converted the lease into a chattel mortgage, citing Faxon v. Ridge, 87 Mo. App. 299, 1. c. 308. This might be so as between the lessor and lessee and those having notice of the fact that the property in controversy was located and used in leased premises as was the situation in that case. There the property was in a building rented and used by the lessee, and the lease was on record, and the lessor did not have a lien other-

wise. The location of the property and the recording of the lease was notice to the attaching creditor. That case has no application to one like this. Besides, the lease in the case at bar did not describe any specific corn and could not have done so since at the time it was executed, May 2nd, the corn was not in existence. The lease was not intended as a mortgage, and was not such, for it merely gave to the landlord what the law gave him and no more. It merely repeated the language of the statute. [Sec. 7888, R. S. Mo. 1909.]

The judgment of the trial court was right. Let it be affirmed. All concur.