BEN C. JOECKEL, Respondent, v. LOUIS C. GUST, Defendant, T. J. MILLER, Interpleader, Appellant.*

In the Springfield Court of Appeals, January 26, 1925.

1. **CHATTEL MORTGAGES: Landlord and Tenant: Lease Provision for Lien in Nature of Mortgage: When Lease Not Recorded, Landlord's Rights Same as under Chattel Mortgage Not Recorded.** Where farm lease provided that tenant should pay one-third of certain crops as rent, together with provision that in case of default in payment of rent, landlord should have a lien on "the crops grown" as security, *held*, this latter provision in the lease was in the nature of a chattel mortgage, and landlord's rights thereunder must be determined in the same way as if he had taken a chattel mortgage for the same purpose, and since his lease was not recorded, he stood in the same light, as between himself and the tenant, as he would stand if, instead of the lease, he had depended upon an unrecorded mortgage.

2. ————: **Unrecorded Lease: Lien of Purchaser for Value of Tenant's Note and Recorded Mortgage on Crops Superior to Landlord's Rights under Lien Given by Unrecorded Lease.** Lien of purchaser of tenant's note and recorded mortgage on crops before maturity for value and in due course *held* superior to lien created in landlord's favor by lease, not recorded, for unpaid rent, unless different rule established by statute.

3. **LANDLORD AND TENANT: Statutory Lien of Landlord as to Crops Stated.** Under section 6885, Revised Statutes 1919, landlord is given a lien on the crop grown each year for the rent for that year. This statute does not give the landlord who leases land for a term of years a lien on the crops of one year to secure the payment of rent for another year, the lien being restricted to the rent for the year in which the crops are matured.

4. **CHATTEL MORTGAGES: Actual Notice of Nonstatutory Lien on Crops under Unrecorded Lease Not Dispensed with by Statute.** Section 6893, Revised Statutes 1919, which provides purchaser of

crops grown on demised premises upon which rent is unpaid, if he knows premises are demised, and that crop was grown on such premises, shall be liable in an action for the value of the rent, to any party entitled thereto, merely protects the landlord in enforcing the lien given him by section 6885, same, and was not intended to dispense with actual notice of an unrecorded lien secured by the landlord in some other way.

5. **RECEIVERS:** Allowance Made to Receiver Held Proper under Circumstances. Allowance of compensation to tenant's receiver, validity of whose appointment was recognized by lessor and crop mortgagee, from proceeds of sale of crop, *held* warranted.

*Headnotes 1. Landlord and Tenant, 36 C. J., Section 1423; 2. Chattel Mortgages, 11 C. J., Section 395; 3. Landlord and Tenant, 36 C. J., Section 1475; 4. Landlord and Tenant, 36 C. J., Section 1486 (Anno); 5. Receivers, 34 Cyc., p. 477.

Appeal from the Circuit Court of Lawrence County.— *Hon. Chas. L. Henson,* Judge.

REVERSED AND REMANDED (*with directions*).

*D. S. Mayhew,* of Monett, for appellant.

(1)   The lease on the farm not being recorded they could not hold a lien on any crop for grain rent except for the year in which the crops were grown as such a holding would be in contravention of the Statute of Missouri, under the Landlord and Tenant Act lien lasts for eight months and no longer and when grain rent is paid of one-third, the two-thirds cannot be held for back rent. R. S. 1919, sec. 6865.   (2)   In the absence of a forfeiture clause, non-payment of rent does not generally give a right of forfeiture and re-entry.   Mullaney v, McReynolds, 170 Mo. App. 415.   (3)   The mortgage on the two-thirds of the growing crop to secure the payment of legal services was a valid mortgage.   Same having been transferred for value in the regular course of business

passed all the rights under said mortgage to Miller. Hardin v. Bank, 177 Mo. App. 44, and cases there cited; 11 Corpus Juris, p. 654, sec. 398. (4) The judgment obtained in January, 1923, for past due rent for the year 1921 before a justice of the peace was no more' than any other ordinary justice judgment and could in no way have been a lien on growing crops in the year 1923, unless said crops had been levied upon. Sec. 1630, R. S. 1919. Said statute is as follows: ''No execution prior to the levy thereof shall be a lien on any goods, chattels or other personal property, etc.'' (5) The mortgage lien held by Miller was superior to the claim of the receiver and that of plaintiff and was not chargeable against the proceeds of the mortgaged property. Mortgaged property sold by receiver not chargeable with receivership expenses where other property not subject to lien was also sold. Commonwealth Finance Corporation v. Missouri Motor Bus Company, 152 S. W. 372, and cases there cited. (6) Where the relation of landlord and tenant exists, and the landlord seeks by lease to retain a lien on specific property of the tenant or upon the tenant's portion of the crop, it is held that the lease in this respect operates as a chattel mortgage and must be recorded. Pearson v. Lafferty, 197 Mo. App. 123, 130; Saunders v. Ohlhausen, 127 Mo. App. 546; Hardin v. Bank, 177 Mo. App. 44. (7) The creditor's actual knowledge of a lien or existence of a mortgage is immaterial. Landis v. McDonnold, 88 Mo. App. 335; Harrison v. South Carthage Mining Co., 95 Mo. App. 80; Dunlap v. Dunset, 81 Mo. App. 17. Under the agreed statement of facts and the matters set forth in the exhibits and under the law in this case we insist that this case should be reversed.

*Katherine Halterman,* of Mt. Vernon, and *W. B. Skinner,* of Springfield, for respondent.

(1) A tenant can make no assignment or disposition of his interest or share in a crop without the consent

217 Mo. App.—32.

of the landlord, and, in law, all such attempted transfers by a tenant must be in subordination to the rights of the landlord. Selecman v. Kinnard, 55 Mo. App. 638. (2) A justice of the peace has jurisdiction of actions to determine and enforce liens whether the same be created by statute or contract. R. S. 1919, secs. 2718, 2720; Varney v. Jackson, 66 Mo. App. 348. (3) "If any person buy any crop grown on demised premises upon which any rent is unpaid and such purchaser has knowledge of the fact that such crop was grown on demised premises he shall be liable in an action for the value thereof, to any party entitled thereto, or may be subject to garnishment in any suit against the tenant for the recovery of the rent." R. S. 1919, sec. 6893. (4) The general rule that removal or sale of a tenant's property does not destroy the landlord's lien is especially true where the goods were purchased from the tenant with knowledge, either actual or constructive of the landlord's lien. If a purchaser has such knowledge of the landlord's lien he is to be regarded as purchasing subject thereto and he is not a purchaser in good faith. Mitchell v. Sanford, 149 Mo. App. 72; Dubach v. Dysart, 184 Mo. App. 702; 9 A. L. R. 325n. (5) "There is no provision made in the statute for public notice of a landlord's lien and it is fair to assume that, in the absence of general notice, it was intended that there should be knowledge binding on the purchaser." Toney v. Goodley, 57 Mo. App. 249; Dubach v. Dysart, supra. (6) In the absence of any agreement between the landlord and the tenant as to when the rent is to be paid, it is payable at the end of the year. Ostner v. Lynn, 57 Mo. App. 191. (7) While a lease which reserves a lien on crops may be treated as a chattel mortgage, as between the parties themselves and those having knowledge of the situation of the property, is it not to be so regarded as to parties who have nothing to do with the instrument and know nothing of the origin of the crops involved? Dubach v. Dysart, supra. (8) At the time

the chattel mortgage, under which the interpleader claims, was executed by Gust, the mortgagee therein knew that there existed a landlord's lien on the crops described in such mortgage for unpaid rent and that Gust had forfeited his lease on the farm where such crops were growing and that an action was then pending against Gust to cancel his lease and eject him from said premises. Under such circumstances said mortgagee could not be deemed a purchaser in good faith and the interpleader cannot recover in this proceeding. Benoist v. Sitzer, 9 Mo. 657; Bank v. Bank, 50 Mo. App. 92; Elliott v. Washington, 137 Mo. App. 526.

COX, P. J.—The controversy in this case arose in the following manner: Defendant, Gust, occupied certain farm land as the tenant of plaintiff. Plaintiff brought ejectment to oust him for failure to pay rent. A receiver was appointed to market the crops grown on the land and hold the proceeds for further orders of the court. This the receiver did. Miller, the interpleader, filed a motion asking for an order of the court directing the receiver to pay money in his hands belonging to the tenant, Gust, to him to satisfy a negotiable promissory note secured by a chattel mortgage upon Mr. Gust's interest in the crops. Plaintiff then filed a motion asking that the money be paid to him to satisfy a judgment for rent. In the ejectment suit judgment was rendered in plaintiff's favor and when the court passed upon the motions filed by plaintiff and Miller he sustained plaintiff's motion and overruled that of Miller and Miller appealed.

The case was tried by the court on an agreed statement of facts which may be briefly summarized as follows: On March 5, 1920, plaintiff leased certain lands to defendant Louis C. Gust, from that date to March 1, 1925. The tenant was to pay as rent one-third of the corn, oats and wheat produced on the land and the tenant was to harvest and market the landlord's third and

Joeckel v. Gust.

pay him the proceeds of the sale. The lease provided that "should default be made in the payment of any rent when due, a lien on the crops grown to be retained by said first party as security for the fulfillment of this contract." This lease was not recorded. The rent for 1922 was not paid and plaintiff brought suit therefor before a justice of the peace and secured judgment on January 29, 1923, for $114.38. This judgment was also declared to be a lien on the crops grown on the land leased. No execution was issued on this judgment and no levy on any property made. No transcript of this judgment was filed with the clerk of the circuit court of the county. On April 11, 1923, plaintiff filed in the circuit court a suit in ejectment to oust Gust from possession of the land leased. Gust employed D. S. Mayhew, Attorney, to represent him in the defense of this ejectment suit and gave the attorney a note for $150 for his fee due September 1, 1923, and secured it with a chattel mortgage upon his two-thirds interest in the crop of 1923. This chattel mortgage was filed in the office of the Recorder of Deeds of the county May 29, 1923. The ejectment suit was tried at the May Term, 1923, and judgment rendered in favor of plaintiff ejecting Gust from possession of the land leased. At the same time a receiver was appointed by the court to take charge of the crops on the land, harvest and hold or market them and hold the proceeds to await the further orders of the court and to make report to the court at the September Term, 1923. The receiver took charge of the crops, harvested and marketed them and at the September Term reported a balance of cash on hand as proceeds thereof the sum of $150.50, after having paid the plaintiff, the landlord, the one-third due him as rent. The receiver in his report asked for an allowance of $19.27 out of the net balance on hand which, if allowed, would reduce the balance to be ordered disbursed by the court to $131.23. As before stated, the note and chattel mortgage for $150 given by the tenant, Gust, to Mr. Mayhew, became due September 1, 1923.

Prior to that time this note was purchased for value in due course by T. J. Miller. At the September Term, 1923, the same term at which the receiver made his report, Mr. Miller filed a motion asking the court to direct the receiver to pay to him two-thirds of the proceeds of the sale of the 1923 crop on the ground that he was entitled thereto under his chattel mortgage. Plaintiff filed a motion asking the court to direct the money paid to him to apply on his judgment against the tenant, Gust, for rent of 1922. The court approved the report of the receiver and sustained plaintiff's motion and directed the funds in the hands of the receiver to be paid to him. He overruled the motion filed by Mr. Miller, the holder of the chattel mortgage.

The parties all treated the two-thirds of the proceeds of the crop of 1923 as the property of the tenant Gust. Plaintiff contended he was entitled to it to apply on the rent for 1922 for which he had procured a judgment before a justice of the peace on the ground that under his lease he had a lien on all crops produced on the land for any rent that might be past due. Mr. Miller contended that he was entitled to this money under his chattel mortgage. The lease provided that the landlord should have a lien on the crops for rent after default in payment. This provision in the lease, however, was in the nature of a chattel mortgage and plaintiff's rights thereunder must be determined in the same way as if he had taken a chattel mortgage for the same purpose, and since his lease was not recorded, he stands in the same light, as between him and Miller, as he would stand if, instead of his lease, he depended upon an unrecorded mortgage. [Saunders v. Ohlhausen, 127 Mo App. 546, 106 S. W. 541; Hardin v. Bank of Centralia, 177 Mo. App. 44, 163 S. W. 306.]

There was no evidence that Miller, the purchaser of the note and chattel mortgage on the two-thirds interest of the tenant, Gust, in the crop of 1923, had any knowledge of the terms of the lease or that he knew of the

judgment rendered by the justice of the peace in January, 1923. Having purchased the 'note and chattel mortgage before maturity for value and in due course, his lien on the crop must be held to be superior to the lien created in plaintiff's favor by the lease unless the landlord and tenant's statute of the State establishes a different rule. Under the statute, section 6886, Revised Statutes 1919, the landlord is given a lien on the crop grown each year for the rent for that year. This statute does not go to the extent of giving a landlord who may lease land for a term of years a lien on the crops of one year to secure the payment of rent for another year but the statutory lien is restricted to the rent for the year in which the crops are matured. This statute gave plaintiff nothing, for the money he sought to reach was the proceeds of the crop of 1923 while his debt which he sought to have paid out of the funds was for rent for 1922.

There is another section of the statute, section 6893, Revised Statutes 1919, which provides that ''if any person shall buy any crop grown on demised premises upon which any rent is unpaid and said purchaser has knowledge of the fact that such crop was grown on demised premises, he shall be liable in an action for the value thereof to any person entitled thereto or may be subject to garnishment at law in any suit against the tenant for the recovery of the rent.'' It was not intended by this statute to dispense with actual notice of an unrecorded lien not provided by the statute. The lien statute, section 6885, gives the landlord a lien on the crop for the rent for the year in which the crop is produced and continues that lien for eight months after the rent becomes due. If, while that lien' exists, the tenant should sell or mortgage the crop and the purchaser or mortgagee should have knowledge that the crop the tenant was selling or mortgaging was grown on demised premises, then his rights would be subject to the lien of the landlord for rent, but it goes no further than to protect the landlord in enforcing his lien as secured to him by the statute and

does not extend to a lien acquired by the landlord in some other way. [Dubach v. Dysart, 184 Mo. App. 702, 171 S. W. 597.]

Our conclusion is that as between plaintiff, whose lien was provided by a provision in an unrecorded lease and not by statute, and Mr. Miller, whose lien rests on a recorded chattel mortgage which he purchased without any actual notice of plaintiff's lien, that the lien of the mortgage must take precedence.

Appellant contends in this case that the allowance by the court of compensation to the receiver out of the funds resulting from a sale of the crop of 1923 was not warranted. The appellant, as well as the plaintiff, recognized the validity of the procedure by which the receiver was appointed and without discussing the question in detail we are of the opinion that under the facts in this case the allowance was warranted.

The judgment will be reversed and the cause remanded with directions to set aside the order sustaining the motion of plaintiff and overruling the motion of interpleader, Miller, and to enter judgment sustaining the motion of T. J. Miller and overruling the motion of plaintiff. *Bradley, J.,* concurs; *Bailey, J.,* not sitting.