KEMPER, HUNDLEY & McDONALD DRY GOODS COMPANY,
Appellant, v. THE KIDDER SAVINGS BANK,
Respondent.

Kansas City Court of Appeals, November 22, 1897.

1. **Sales**: PRINCIPAL AND AGENT: AGGREGATIO MENTIUM. A. sold goods to B. believing him to be the agent of C. Subsequently C. took a mortgage on the goods in B.'s possession refusing to recognize the agency. *Held*, there was no meeting of minds, consequently no sale, and that A. could maintain replevin against C. for the goods.

2. **Fraudulent Conveyances**: RETAINING TITLE. The sale of goods with the condition that the title remain in the vendor until some future date is within the statute of fraudulent conveyances as to creditors and innocent purchasers, unless such condition is written, acknowledged and recorded.

*Appeal from the Caldwell Circuit Court.*—HON. E. J. BROADDUS, Judge.

REVERSED AND REMANDED.

*Benjamin Phillip* for appellant.

(1)    The court erred in refusing to give plaintiffs' instruction number 2. *Loeffel v. Pohlman*, 47 Mo. App. 574; *Rodliff v. Dallinger*, 141 Mass. 1; *Decan v. Shipper*, 35 Pa. St. 239; *Ice Co. v. Potter*, 123 Mass. 28; Tiedeman on Sales, sec. 35, p. 39. (2)    When goods are shipped on consignment or where the present title does not pass the transaction does not constitute a sale, and the transaction does not constitute a sale upon condition, or any sale at all. Neither section 5178 nor 5180, Revised Statutes of Missouri 1889, can have any application to this case. *Plow Co. v. Porter*, 82 Mo. 23–31.

*O. J. Chapman* for respondent.

(1) The sale and delivery being complete, the vendee of chattels may convey a good title to an innocent purchaser, regardless of collateral conditions made by the vendor. *Patchin v. Biggerstaff*, 25 Mo. App. 534.   (2) A creditor who takes goods in settlement of his debt is an innocent purchaser in good faith. *Feder v. Abrahams*, 28 Mo. App. 454; *Redpath v. Lawrence*, 42 Mo. App. 101; *Lawrence v. Owens*, 39 Mo. App. 318.   (3) The word "creditors," as used in section 5178 of the Revised Statutes of Missouri, embraces both prior and subsequent creditors. *Collins v. Wilhoit*, 108 Mo. 451; *Elliot v. Keith*, 32 Mo. App. 119; *Oester v. Sitlington*, 115 Mo. 247.

GILL, J.—This is an action of replevin brought by the plaintiffs (wholesale merchants at St. Joseph) to recover a lot of dry goods which had formerly been in the possession of Wilhoit and Wilson at Kidder, Missouri.   The claim of the plaintiffs is based substantially on the following state of facts which their evidence tended to prove: that plaintiffs delivered the goods in controversy to Wilhoit & Company in pursuance of a sale which said plaintiffs believed they were making to the defendant bank; that Wilhoit & Company were at the time insolvent and that plaintiffs would not have parted with the goods except on the belief that the Kidder store was at the time being run by the defendant and that said Wilhoit & Company were merely acting as agents for defendant.   But subsequently plaintiffs learned that this was untrue and that they had been misinformed by said Wilhoit and Wilson and that the bank was not the owner of the store nor conducting its business, and had no claim upon the same except as beneficiary in a chattel mort-

gage given by said Wilhoit & Company after plaintiffs' goods had gone into the Kidder store. About this time the defendant bank under its mortgage took possession of the Wilhoit store and the goods in question among others; and plaintiffs, after making an ineffectual demand for the merchandise which had thus been fraudulently or by mistake acquired from them, brought this action.

On a trial by the court without a jury there was judgment for defendant and plaintiffs appealed.

Plaintiffs requested the trial court to give an instruction the purport of which was that if the facts were as above stated; that if plaintiffs had parted with the goods under such mistake of fact; that they intended at the time to sell the same to defendant bank and not to Wilhoit & Company, and that the goods were turned over to said Wilhoit & Company in the belief that they were agents for defendant and to whom alone plaintiffs intended to extend credit, and that said bank thereafter refused to recognize said agency or said purchase and refused to surrender the goods, then plaintiffs should recover.

The court refused to so declare the law, and this action by the court furnishes the main ground for complaint on this appeal.

In our opinion the court erred. We think plaintiffs' second instruction, the substance of which we have stated, properly declared the law.

SALES: principal and agent: aggregatio mentium.

Plaintiffs did not part with the title to their goods unless there was a perfect contract of sale made at the time of the delivery to Wilhoit & Company. Like all contracts a sale is not complete without a concurrence of the minds of both vendor and vendee; there must be a mutual assent to the material terms of the sale; both parties must at the same time intend the same thing, other-

wise there is no sale. If now plaintiffs' witnesses testified truly then it is clear that a sale of these goods to Wilhoit & Company was never intended by the plaintiffs. They were at the time laboring under the belief that Wilhoit & Company were acting in the matter as agents for the defendant bank and not on their own account. It is equally clear that the defendant was not the vendee, for Wilhoit & Company were not in fact agents for the defendant and were not authorized by it to purchase the goods. All agree to this now. So then, under the facts, which plaintiffs' evidence tended to prove, and which were recited in plaintiffs' instruction before referred to, there was no *aggregatio mentium*, no coincidence of minds as to who should become purchaser of the goods which plaintiffs were trying to sell. It was at least a mistake of fact and neither party would be bound. Tiedeman on Sales, sec. 35; *Rodliff v. Dallinger*, 141 Mass. 1; *Loeffel v. Pohlman*, 47 Mo. App. 574.

This being so the pretended sale was void *ab initio*, and the plaintiffs would be entitled to reclaim their goods wherever found, even in the hands of an innocent purchaser. See cases last cited.

Other points urged by plaintiffs' counsel do not deserve serious consideration. If Wilhoit & Company were in fact the purchasers of the goods on their own account, it is clear that as between the parties to this suit such sale can not be embarrassed or defeated by the condition that the title was not to pass until some future date supposed to be agreed upon by the parties. Such condition would be void under the statute relating to fraudulent conveyances, since it was not evidenced by writing, acknowledged and recorded. Revised Statutes 1889, sections 5178–5180.

FRAUDULENT conveyances: retaining title.

For reasons already assigned the judgment must be reversed and cause remanded. All concur.