KEET & ROUNTREE DRY GOODS COMPANY, Appellant, v. T. L. BROWN, JR., Defendant; A. J. DUCKETT, Interpleader, Respondent.

Kansas City Court of Appeals, January 10, 1898.

1. **Appellate Practice:** ABSTRACT: FILING BILL OF EXCEPTIONS: SHORT APPEAL. Where the appeal is taken on the short method, the printed abstract need only state that the bill of exceptions was duly signed and filed in compliance with the order of the trial court after reciting what the order was.

2. **Fraudulent Conveyances:** WITHHOLDING MORTGAGE FROM RECORD: INTERVENING CREDITORS. A mortgage which has been withheld from record in such way as to render it invalid as against creditors will not be validated as to intervening creditors by filing it of record and taking possession thereunder.

*Appeal from the Dade Circuit Court.*—HON. D. P. STRATTON, Judge.

REVERSED AND REMANDED.

*G. M. Sebree, J. S. Farrington* and *Mann & Talbutt* for appellant.

(1) Where a mortgagee intentionally withholds his mortgage on a stock of goods from record, and a third party extends credit to the mortgagor relying on the fact that his property is unincumbered, said mortgage is void as to such creditor. *Williams v. Kirk*, 68 Mo. App. 457; *Bank v. Buck*, 123 Mo. 141; *Barton v. Sitlington*, 128 Mo. 164; *Bank v. Doran*, 109 Mo. 40; *Ayers v. Hamrick*, 20 Fed. Rep. 553; *Rumsey v. Town*, 20 Fed. Rep. 558; *Standard v. Guenther*, 67 Wis. 101, 30 N. W. Rep. 298; *Lyon v. Bank*, 29 Fed. Rep. 566, 584; Bump on Fraud. Con. [4 Ed.], 38, 39; Jones on Chat. Mort. [4 Ed.], 337a.

*Thurman & Wray* for respondent.

(1) The judgment in this case must be affirmed for reasons assigned in the motion to affirm. Appellant has wholly failed to furnish an abstract or abridgment of the record as required by the statutes or the rules of this court. R. S. 1889, secs. 2252, 2253; *Thompson v. Allen,* 107 Mo. 479. (2) There is no record showing the filing of the bill of exceptions or any orders of record in relation thereto, and this court is not authorized by law to take the statement of counsel upon a question which determines its jurisdiction to examine into the errors complained of. And for that reason the judgment must be affirmed. *McNeal v. Ins. Co.,* 30 Mo. App. 306; *State ex rel. v. Chaney,* 49 Mo. App. 511–515; *Pullen v. Thomas,* 36 Mo. App. 105. (2) Instruction number 2 was properly refused for the reason that there was no evidence upon which to base it. (3) Where a mortgagor is permitted to remain in possession of a stock of goods and sell in the ordinary course of business without applying the proceeds in the discharge of the mortgage debt according to the terms of the mortgage, it constitutes fraud in law and renders the mortgage void as against creditors, but is not a fraud in fact, and possession under mortgage by the mortgagee before the rights of creditors attach cures the defect, and such possession is good as against attaching creditors. *Dobyns v. Meyer,* 95 Mo. 132; *Greeley v. Reading,* 74 Mo. 309; *Boland v. Ross,* 120 Mo. 208–217; *Barton v. Sitlington,* 128 Mo. 164; *Bank v. Powers,* 134 Mo. 432–445, 446; *Nash v. Norman,* 5 Mo. App. 545; *Brass Co. v. Webster G. & Q.,* 37 Mo. App. 145; *Melke & Co. v. Baldridge,* 43 Mo. App. 336; *Fur. Co. v. Fricke,* 39 Mo. App. 146; *State ex rel. v. Nelson Dis. Co.,* 60 Mo. App. 440;

*Williams v. Kirk*, 68 Mo. App. 457–461; *Cameron v. Marvin*, 26 Kan. 612; Jones on Chat. Mort., sec. 178.

## I. ON RESPONDENT'S MOTION TO AFFIRM.

GILL, J.—Counsel for interpleader and respondent have filed here a motion to affirm the judgment because of an alleged insufficiency of the abstract. It is contended that the abstract fails to show that a bill of exceptions was duly filed, and that as to that matter, as well as the testimony, the abstract is a mere statement of counsel, etc.

There is no merit in the motion. The case is brought up under the short method of filing here a certified copy of the judgment, and the abstract furnished by appellant shows that on the day the motion for new trial was overruled, to wit, November 13, 1896, and "during the said October term, 1896, the court, by order duly entered of record, extended plaintiff's time for preparing and filing bill of exceptions until the 1st day of February, 1897; and within the time allowed by the court the plaintiff duly prepared said bill of exceptions taken upon the trial of said cause, and presented the same to the judge of said court, and asked that it be signed and sealed and made a part of the record in said cause. And said bill was, on the 14th day of January, 1897, duly signed and sealed by D. A. Stratton, judge, etc., * * *, and on said date the same was duly filed in the office of the circuit clerk of Dade county, Missouri."

*Marginal note:* APPELLATE practice: abstract: filing bill of exceptions: short appeal.

This was a sufficient showing of the signing and filing of the bill of exceptions. It is all that ought to be expected in an abstract. Perhaps not so complete as required in a *full transcript*, for that must be a literal copy of the record; while the abstract, filed in lieu

of a transcript, is intended, as its name imports, to be a shorter and more concise method. *Stewart v. Patton,* 65 Mo. App. 21; *Kincaid v. Griffith,* 64 Mo. App. 673.

## II.    STATEMENT OF THE CASE.

On the fifth day of December, 1895, the plaintiff, wholesale merchant at Springfield, Missouri, brought an attachment suit against T. L. Brown, Jr., to recover a large balance which said Brown owed them for goods sold. Thereupon the sheriff levied upon the entire stock of merchandise which said Brown had in his store at Lockwood, Dade county. In due season A. J. Duckett filed an interplea claiming the attached goods. In answer to the interplea, plaintiff denied Duckett's right to the goods, set up that said interpleader claimed the same under an alleged chattel mortgage, dated eleven months prior to the attachment, and that the same was fraudulent and void because by its terms the mortgagor was allowed to retain the possession of the goods and for his own use to sell in the ordinary course of business; and also because said mortgage was, by agreement of the parties thereto, kept secret and off the record, thereby deceiving and defrauding plaintiff and other creditors of Brown who sold him goods in the meantime on the faith that the goods were unincumbered. In was conceded that the interpleader took possession of the goods the same day, but before the attachment was levied. But in the reply said interpleader denied that he took possession *under the mortgage,* but that the goods were delivered to him by Brown as an independent pledge to secure interpleader's claim against said Brown.

To more fully understand the nature of this controversy, it seems necessary to give something of its history. On January 2, 1895, the interpleader, A. J. Duckett, owned a stock of general merchandise at the

town of Lockwood, in Dade county, and on that day he sold the goods to Brown for about $4,000. Nothing was paid at the time, but Brown gave therefor two notes, one payable on or before six months, and the other on or before two years after date. At the same time Brown executed and delivered to Duckett a chattel mortgage, covering not only the goods then in stock, but also such as he (Brown) might thereafter acquire. This mortgage also provided that Brown should retain possession and continue to sell the goods in his own name, accounting to the mortgagee monthly for the proceeds until at least the first note was paid. Brown took charge of the business, bought and sold goods in the usual way, but did not account to Duckett for the proceeds of sale, except for about $500. Duckett took the chattel mortgage to his home at Cedarville, fifteen miles away, and failed to have the same recorded until December 5, 1895, which was the day he took possession and this attachment was brought. During this eleven months that Brown was running the store at Lockwood, the plaintiff, Rountree company, sold several bills of goods to Brown, and as the evidence tends to prove, they at the time had no knowledge whatever of Duckett's mortgage. On December 4, however, plaintiff learned of this mortgage and forthwith instituted this attachment suit. Before the sheriff came with his writ, Brown, fearing attachment, sent for Duckett, who was then at his home at Cedarville, fifteen miles off. He (Duckett) came to Lockwood during the night, and early on the morning of December 5, Brown turned possession of the store and goods over to said interpleader, who at once put up a notice of his claim and then with Brown set out for Greenville, the county seat, where he for the first time filed the chattel mortgage for record. On the same day Brown executed a

bill of sale to his brother and sister for his equity in the goods and the same was filed for record along with the Duckett's chattel mortgage; and on the face of this paper Duckett indorsed his consent to this transfer by Brown, but expressly stating that said sale by Brown was "subject to my mortgage on the same" and that no possession was to pass to Brown's sister and brother "until my mortgage is fully satisfied."

At the trial by the court without a jury, the following, among other declarations of law, was asked by plaintiff's counsel but refused by the court:

"2.   The court declares the law to be, if it appears from the evidence that T. L. Brown, Jr., executed the mortgage to A. J. Duckett, read in evidence, and that it was agreed that said mortgage should be withheld from the record, and that after the execution of said mortgage the plaintiff sold goods to the defendant, T. L. Brown, Jr., in ignorance of the existence of said mortgage, and that plaintiff would not have extended credit to said Brown had it known of said mortgage, and that A. J. Duckett failed to record said mortgage or take possession of said goods until after plaintiff had sold defendant Brown the goods sued for, the said mortgage is fraudulent and void, and your verdict should be for the plaintiff."

At the request of the interpleader the court gave the following instruction:   "The court declares the law to be that it is admitted by the pleadings that A. J. Duckett, interpleader, was in possession of the goods, wares and merchandise and book accounts claimed by interpleader at the time of the seizure by the sheriff, and if the court shall find that such possession was obtained by permission and consent of T. L. Brown, the former owner, in good faith for the purpose of securing payment of the notes read in evidence; that the notes

represent debts justly owing from said Brown to inter-
pleader, the finding should be for interpleader.''

The court gave judgment for the interpleader and
plaintiff appealed.

III. The trial court seems to have determined this
case on the theory that although Duckett's chattel
mortgage was intentionally kept off the record during
the entire time from the date of its execution in Jan-
uary to the December following, and
though during that interval this plaintiff
may have sold and delivered merchandise
to Brown, the mortgagor, yet since said
mortgagee took possession of the goods
covered by the mortgage *before plaintiff's attachment
was levied*, the title of the mortgagee must be treated
as superior to that of the attaching creditor. In other
words, that even though the mortgage was of no valid-
ity when off the record and unaccompanied by pos-
session in the mortgagee, yet as the mortgagee acquired
the possession before levy of plaintiff's attachment,
then the fraudulent mortgage became valid and the
right of the mortgagee superior to that of the attaching
creditor. This ruling of the circuit judge is in direct
conflict with the decision of this court in *Williams v.
Kirk*, 68 Mo. App. 457. In that case it was conceded
that a mortgage, void for want of record or possession
of mortgaged property in the mortgagee, may be cured
and made valid by the mortgagee subsequently taking
possession, and that such cured mortgage would pre-
vail over creditors whose rights had not already at-
tached. But it was denied that any such rule should
apply to creditors whose claims against the mortgagor
had come into existence (or had attached) during the
time when the chattel mortgage was being withheld
from record.

The reasons for the distinction between these

*Margin note: FRAUDULENT conveyances: withholding mortgage from record: intervening creditors.*

classes of demands against the mortgagor are manifest and based on the clearest principles of honesty and fair dealing. As to claims against the mortgagor which existed when the mortgage was executed, or which accrued after the recording thereof or possession taken, it is plain that such withholding of the mortgage from record and such continued possession in the mortgagor could not deceive or impose on such a creditor. It could not be said that such prior or subsequent creditor was led to trust his debtor by false appearances. But in cases like the one in hand, where the alleged mortgagor had executed a secret incumbrance covering his stock of goods and which said mortgage was for a long time concealed and not placed on record, it would then be very unjust to allow this hidden mortgage to be subsequently brought to light and take precedence over the claims of those who had trusted the mortgagor during the time of such concealment and on the faith of his owning apparently unincumbered property. As was said by this court through Judge ELLISON, in deciding *Williams v. Kirk*, it would be "such a fraud as that the principle of estoppel *in pais* may be invoked in favor of the creditor and against the mortgagee. The mortgagee has by a line of conduct induced the creditor to extend credit, or permitted the creation of the indebtedness to him on the faith of appearances which the mortgagee now seeks to say were not real. He can not in justice be permitted to do so."

This just rule applies with force to the facts of this particular case. While this plaintiff was, during the time from January to December, 1895, furnishing Brown large amounts of goods (so that more than $1,400 was due at the latter date) the interpleader Duckett had in his possession an unrecorded chattel mortgage from Brown quite sufficient to absorb the whole of the latter's property. Ignorant of this incum-

brance, as their evidence tends to prove, plaintiff continued to trust Brown, relying, as he says, on the false assumption that his merchandise was free of incumbrances, and further he says that he would not have sold the goods had he known the truth. Under this state of facts, then, the interpleader ought not to be heard to say that he at that time held a mortgage on Brown's goods. At all events we may assert, as was declared by Judge BLACK, in *Bank v. Buck*, 123 Mo. 141, that such a withholding from the record "operates as a fraud upon persons who deal with and give credit to the mortgagor upon the supposition that the property which he apparently owns is unincumbered, and that it is a legal fraud, though there is no actual intent to defraud."

And again, quoting from a well considered case from Mississippi, this language was adopted by the learned judge: "A man must be conclusively taken to intend the natural and logical result of his acts. We are of the opinion that the natural and logical effect of the agreement and assignment, and the conduct of the parties thereto, was to mislead and deceive the public, and induce credit to be given to Baggett (the grantor) which he could not have obtained if the truth had been known, and therefore the whole scheme was fraudulent as to the subsequent creditors, as much so as if it had been contrived with that motive and for that object. If one is actually misled to his prejudice and loss by the conduct of another, the injury to him is just the same as though the thing were done for the very purpose of deceiving." *Hilliard v. Cagle,* 46 Miss. *loc. cit.* 338. See, also, *Sauer v. Behr*, 49 Mo. App. 86; Bump on Fraud. Con. [3 Ed.] 39.

The act thus committed by withholding the mortgage from record operates as a fraud in fact, and is not a mere constructive fraud. And it is no answer to this

to say that the mortgagee, in withholding the mortgage from record, *did not intend* to work an injury on trusting creditors of the mortgagor. It is sufficient if the mortgagee intentionally committed the act of concealment, and he will be held to have intended the necessary consequences of his own act. In our opinion, then, the trial court decided the case on a misapprehension of the true rule applying in such cases, and therefore the judgment can not stand.

The suggestion in brief for interpleader that the latter did not take possession *under his mortgage*, but rather under an independent agreement for a pledge made between him and Brown on December 5, is opposed by all the evidence and the conduct of the parties at the time, as will be seen by reference to the facts set out in our statement.

Judgment reversed and cause remanded. All concur.