State v. Rich.

---

# THE STATE v. ALECK RICH, Appellant.

### Division Two, July 5, 1912.

1. **INFORMATION: Proof: Variance.** Under Sec. 5114, R. S. 1909, providing that whenever there shall be a variance between the indictment and the evidence in the description of any matter or thing therein described, such variance shall not be ground for acquittal unless the trial court shall find the variance is material and prejudicial, the Supreme Court refuses to declare error in an information which charges the receiving of stolen goods, to-wit, "'four hundred and fifteen pounds of copper," where the evidence showed that it was "two hundred and thirty-six copper wash-boiler bottoms, weighing four hundred and forty-eight pounds, with tin finish on the inside and a gloss finish on the outside," where there was no question of identity of the property, and where the trial court did not find that the variance was material.

2. **RECEIVING STOLEN GOODS: Intent.** The intent with which stolen goods are received is not an element of the offense.

3. **APPEAL: Bill of Exceptions: Witnesses: Instructions.** In order to convict the trial court of error in having given an instruction as to the credit to be given to the testimony of defendant's wife (appellant's contention being that the bill of exceptions does not show that she testified at all), the bill of exceptions should in some way affirmatively show that the wife did not testify.

Appeal from St. Louis City Circuit Court.—*Hon. J. Hugo Grimm,* Judge.

AFFIRMED.

*Bass & Bass* for appellant.

(1) Appellant's motion at the close of the State's case to discharge upon the ground of variance should have been sustained. State v. Plant, 209 Mo. 307; State v. Shapiro, 216 Mo. 359; State v. Ballard, 104 Mo. 639. (2) The court misdirected the jury. Under the instructions given by the court the jury were authorized to convict if the appellant bought or received the "property mentioned in the evidence." The charge is that the property stolen and afterwards bought and received was "copper;" the evidence showed it to "be wash-boiler bottoms." State v. Plant, 209 Mo. 307; State v. Shapiro, 216 Mo. 359. (3) The crime of receiving or buying property known at the time to be stolen consists in so buying or receiving it with a fraudulent intent. The court should have so instructed. People v. Johnson, Parkers Crim. Repts. 564; Whart. Crim. Law (10 Ed.), Sec. 988. (4) The instruction, that if the jury "believe and find from the evidence that the defendant made voluntary statement or statements in relation to the offense," should not have been given—there is no evidence upon which to base it. State v. Tyrell, 201 Mo. 574. (5) There is no evidence in the record that the wife testified. the instruc-

tion given thereon is clearly a comment upon the evidence, and the general instructions as to the credibility of witnesses given by the court cover the matter and were sufficient. State v. Tyrell, 201 Mo. 574; Stetzler v. Railroad, 210 Mo. 713.

*Elliott W. Major,* Attorney-General, and *John M. Dawson,* Assistant Attorney-General, for the State.

(1) The information is bottomed on Sec. 4554, R. S. 1909, and contains all the necessary elements to charge the offense under that statute. It is in a form approved by precedents of this court. It is good, valid and sufficient. State v. Fink, 186 Mo. 50; State v. Kosky, 191 Mo. 1; State v. Richmond, 186 Mo. 71. (2) There is no variance in the cause. State v. Flora, 109 Mo. 293. (3) The instructions in this cause, without enumerating them, have all been substantially approved in the case from which they were patterned. State v. Kosky, 191 Mo. 1.

ROY, C.—The defendant has appealed from the judgment of the circuit court of the city of St. Louis convicting him of receiving stolen goods and sentencing him to the penitentiary for two years.

The information charged the defendant with buying and receiving four hundred and fifteen pounds of copper, knowing that it had been stolen.

The evidence tended to show that on or about August 22, 1910, a room at the factory of the Nelson System Manufacturing Company, a corporation, was burglarized and two hundred and sixty-six copper wash-boiler bottoms stolen therefrom. These "wash-boiler bottoms" were of copper and weighed all together four hundred and forty-eight pounds. The bottoms had a tin finish on the inside and a gloss finish on the outside. They were intended to be used in the manufacture of wash boilers and were of special size, shape and finish.

The defendant was a junk dealer. The evidence tended to show that the bottoms were worth twenty cents a pound, and that defendant bought them from a man at eight cents a pound, and there was other evidence tending to show knowledge on the part of defendant that the goods were stolen.

There was evidence showing that defendant made statements to the police as to his purchase of the goods and as to his selling them to one Seltzer.

The bill of exceptions does not purport to set out all the evidence in the case, but simply states that ''this was substantially the testimony.''

At the close of the State's evidence in chief, the defendant asked an instruction in the nature of a demurrer to the evidence, and moved the discharge of the defendant on the ground of variance.

The demurrer was refused and the motion overruled. The first instruction set out all the essential elements of larceny and told the jury that if they found that the copper had been stolen by another party and that the defendant did knowingly and wrongfully receive said property into his possession, knowing at the time that he received it that it was stolen, they should convict him of receiving stolen property.

There was the usual instruction on the subject of statements made by the defendant, and also as to the evidence given by the defendant and his wife.

I.  Sec. 5114, R. S. 1909, provides that whenever there shall be a variance between the indictment and the evidence in the description of any matter or thing therein described such variance shall not be ground for acquittal unless the trial court shall find that such variance is material and prejudicial.

The property described in the information was ''four hundred and fifteen pounds of copper,'' while the evidence showed that it was ''two hundred and sixty-six copper wash-boiler bottoms, weighing four

hundred and forty-eight pounds, with tin finish on the inside and a gloss finish on the outside."

We do not regard it as a case of failure of proof. The thing stolen was copper. True it was in process of manufacture, but it was not in the finished form.

It would have been well had the pleader alleged that it was "copper wash-boiler bottoms." But that is just such a variance as the statute is intended to remedy. The trial court did not find that the variance was material or prejudicial, and the alleged variance, for that reason, did not affect the defendant's rights. In this case the property stolen was the same as that received by the defendant. There is no question as to identity of the property.

In State v. Ballard, 104 Mo. 634, the defendant was indicted for stealing "one red brindle, white, line back cow." The owner of the cow testified that it was a "red and white spotted, line back cow" that was stolen; while the cow found in the defendant's possession was shown by the evidence to be a "red and white spotted cow." It is thus seen that the cow in the defendant's possession in that case was not shown to be the same one which was stolen. It was held to be a total failure of proof.

In State v. Plant, 209 Mo. 307, the thing shown by the evidence to have been stolen was "a diamond shirt stud," while the article found in possession of the accused was a "diamond ring."

Leaving out of consideration in both those cases the description in the indictments, there was a lack of identity between the things stolen and the things found in possession of the respective defendants. It was not in either case a question of variance between the charge and the proof, but a failure to prove the theft in any form.

In the Ballard case, supra, the court said: "The variance between the description of the cow as given in the indictment, and that of the cow proved to have

been stolen, would not avail defendant unless the circuit court found that such variance was prejudicial to him."

It was held in State v. Crow, 107 Mo. 341, that proof of the theft of a heifer under an indictment charging the theft of a cow was not a fatal variance where the trial court did not find it prejudicial to the defendant. We rule this point against the appellant.

II. Appellant contends that the court should have instructed the jury that in order to constitute the offense the defendant should have received the goods with a fraudulent intent. The intent with which the goods are received is not made an element of the offense by the statute.

It is said in 1 Wharton's Crim. Law (10 Ed.), Sec. 988, "When the statute requires an intent it must be laid." That implies that where the statute does not call for an intent none need be stated.

In State v. Sakowski, 191 Mo. 1. c. 652, this court said: "It would have been amply sufficient under the statute to have required the jury to find that some person other than the defendant stole, took and carried away the goods described in the indictment, and that the defendant, knowing them to have been stolen, received the same."

In State v. Richmond, 186 Mo. 1. c. 81, it was said: "The very essence of the offense is the receiving, knowing them to have been stolen."

III. There was evidence on which to base the instruction as to statements made by the defendant, and the court did not err in giving that instruction. The contention that there is no showing in the bill of exceptions that the defendant's wife testified, and, therefore, that the instruction as to the credit to be given to her testimony should not have been given, cannot be sustained. There is no statement in the bill that the wife did not testify. The bill merely states that

it contains substantially the evidence in the case. It does not even state that it contains the substance of all the evidence in the case. In that condition of the bill of exceptions we are bound to presume that the wife testified. In order to convict the trial court of error in that respect, the bill of exceptions should in some way affirmatively show that the wife did not testify.

The judgment is affirmed. *Blair, C.,* concurs.

PER CURIAM.—The foregoing opinion of Roy, C., is adopted as the opinion of the court. All the judges concur.