ROSCOE STEWART, Trustee in Bankruptcy of the Estate of CLIFFORD T. WETHERELL, Bankrupt, Respondent, v. B. B. ASBURY, Doing Business Under the Name of ASBURY MOTOR COMPANY, Appellant.

Springfield Court of Appeals, March 11, 1918.

1. **APPEAL AND ERROR: Review: Findings of Fact.** A finding of fact by the trial court in an action at law is, where supported by evidence, conclusive on appeal, in the absence of a showing of passion, prejudice or willful misconduct.

2. **BANKRUPTCY: Trustee: Authority of.** The trustee in bankruptcy is, under Bankruptcy Act July 1, 1898, chapter 541, sec. 67e, 30 Stat. 564 (U. S. Comp. St. 1916, sec. 9651), authorized to enforce the rights of creditors of the bankrupt to set aside liens which are void under the State law for want of recording.

3. ———: **Liens: Effect.** Under Bankruptcy Act July 1, 1898, sec. 67e, the effect to be given an unrecorded chattel mortgage, where possession of the article was not given the mortgagee, must be determined under the law of the State in which the case arises.

4. ———: **Validity: Want of Recording.** Under Revised Statutes 1909, section 2861, declaring chattel mortgages to be invalid except as between the parties unless recorded before possession is taken, and sections 2887 and 2889, requiring conditional sales to be valid against creditors, the seller of a motor car, who received as payment notes reserving title and giving him a chattel mortgage, is not, having withheld the same from record, entitled to record the same and take possession of the car as against creditors whose claims had meantime arisen, so where the debtor became a bankrupt a few days after the seller took possession, his lien is subject to attack by the trustee in bankruptcy.

Appeal from Greene Circuit Court.—*Hon. Guy D. Kirby,* Judge.

AFFIRMED.

*Oliver J. Page* for appellant.

*Stewart & Goad* for respondent.

. FARRINGTON, J.—The plaintiff, trustee in bankruptcy of the estate of Clifford T. Wetherell, recovered a judgment against the defendant for $424, from which defendant has appealed.

The petition contained three counts. The first count was brought on the theory that defendant had obtained a preference within four months prior to the time of the filing of the petition in bankruptcy, and that he knew that in taking the property, an automobile, on an indebtedness due him, he was receiving a preference, or had reasonable cause to believe he was receiving a preference out of the property of the bankrupt. The first count was based on preferences such as are recoverable under section 60 B of the Federal Bankruptcy Act. The second count was based on section 67 E of the act. The third count was to recover some payments of money which had been made within four months prior to the institution of bankruptcy proceedings.

The court found for the defendant on the first and third counts, and rendered judgment on the second count for the trustee for the amount hereinbefore mentioned.

It is pleaded and shown by the evidence: That on . January 8, 1916, Clifford T. Wetherell filed a petition in bankruptcy which was referred to a referee, and that an adjudication of bankruptcy was duly made. That plaintiff, Roscoe Stewart, was the duly elected trustee. That the debts proven against the estate amounted to $6320, and that the debts scheduled by the bankrupt amounted to $7860. That the total assets turned over to the trustees and in his hands did not exceed the sum of $500. That on May 1, 1915, defendant sold to Wetherell an automobile, the regular price of which was about $1100, but that the selling price in this transaction was $960. There was $280 cash paid when the car was delivered on May 1, 1915, the balance of the purchase price being evidenced by promissory notes of $60 each due on the first of each month. These notes undertake to retain title in the defendant, the payee therein; in other words, there was a conditional

sale made by which the title to the car was retained in the seller and the notes provided that the payee could take possession of the automobile on default and sell it and apply the proceeds on the payment of the debt. It is further shown that between May 1, 1915, when the notes which retained title in the vendee and may either be treated as a chattel mortgage or as a conditional sale agreement, and the day on which the automobile was delivered to Wetherell, and January 6, 1915, Wetherell obtained credit in his business (which was a delivery service concern) of something like $6000. It is further pleaded and shown that of the $6320 proven, all the creditors to whom this amount was owing had become Wetherell's creditors during the time dating from when the notes had been given and withheld from record and during the time that Wetherell had the car in his possession. It is also shown that on the very day Wetherell was preparing his schedule in bankruptcy defendant filed his notes and took possession of the car, and that he later sold the car and applied the proceeds of the sale on the purchase money indebtedness.

There is sufficient evidence to support the judgment as to the amount allowed—$424. The automobile had been run something like eight months and the value was placed at less than half its original cost. In fact, there is little evidence upon which a judgment for a less amount could have been rendered. Nevertheless, there being sufficient evidence upon which to sustain the amount allowed, the judgment being one of a court of law, the appellate court is bound by its finding in the absence of a showing of passion or prejudice or willful misconduct on the part of the trier of the fact. The cases cited by appellant bearing on the preponderance of the evidence are therefore inapplicable to this case.

Appellant has misconceived the theory on which the court found judgment in the case as his brief, under point two, indicates that he conceived the judgment to have been rendered under the first count of the petition which deals with a knowledge or a sufficient knowledge to charge notice of insolvency at the time the alleged

preference was taken. The court found for the defendand (appellant) on that count, and hence the cases cited under that point are entirely inapplicable to the issue before us.

There is no question that the Federal Bankruptcy Act empowers a trustee to enforce the rights of creditors of the bankrupt to set aside liens which are void under the State law for want of recording or for other reasons. [Studebaker Bros. Mfg. Co. v. Elsey-Hemphill Carriage Co., 152 Mo. App. 401, 133 S. W. 412; In re Bothe, 173 Fed. 597, Landis v. McDonald, 88 Mo. App. 335; Blake v. Meadows, 225 Mo. 1, 123 S. W. 868.]

Section 2861, Revised Statutes 1909, declares chattel mortgage where the possession of the mortgaged article is not given to the mortgagee is to be determined by the law of the State in which the case arises. [7 Corpus Juris, "Bankruptcy," sec. 282; Remington on Bankruptcy, secs. 1140, 1141; In re Wade, 26 A. B. R. 169, 185 Fed. 664.]

Section 2861, Revised Statutes 1909, declares chattel mortgages to be invalid unless the mortgage is recorded or possession of the mortgaged property is taken by the mortgagee except as between the parties to the instrument. And sections 2887 and 2889, Revised Statutes 1909, require, in order to be valid and binding as against creditors, that instruments evidencing conditional sales be filed of record.

It has long been the law of this State that a creditor who extends his credit to his debtor at a time when there is a chattel mortgage or conditional contract creating a secret lien on property in the hands of the debtor ostensibly his cannot be defeated by the mortgagee or vendor taking possession thereof under the mortgage or conditional contract, or filing the same for record. [Meet & Rountree Dry Goods Co. v. Brown, 73 Mo. App. 245; Landis v. McDonald, 88 Mo. App. 335; Williams v. Kirk, 68 Mo. App. 457; Blake v. Meadows, supra; Harrison & Calhoun v. South Carthage Mining Co., 95 Mo. App. 80, 66 S. W. 963; Hardin v. Bank of Centralia, 177 Mo. App. 44, 163 S. W. 306; Studebaker

Bros. Mfg. Co. v. Elsey-Hemphill Carriage Co., supra; Hundley & McDonald Dry Goods Co. v. The Kidder Savings Bank, 72 Mo. App. 226; Pew v. Price, 251 Mo. 614, 156 S. W. 338; In re Wade, supra; First National Bank of Buchanan County, St. Joseph v. Connett, 142 Fed. 33; McElvain v. Hardesty, 169 Fed. 31; In re Bothe, supra.]

As heretofore stated, the judgment in this case was not upon the count based on section 60 B but upon section 67 E of the Federal Bankruptcy Act, and the undisputed evidence in the case showing that practically all the creditors who are represented by the trustee extended credit to Wetherell from May 1, 1915, to January 6, 1916, during which time the defendant's notes or chattel mortgage was not on record and during which time Wetherell was possessed of the automobile and was thereby given a false basis for credit, such creditors cannot be defeated in their claims against this property though their trustee by the defendant creditor filing his mortgage and taking possession of the car subsequent to the extension of credit by those whom the trustee represents.

The judgment rendered accords with the law of this State as well as the general law governing such transaction, is clearly for the right party, and is therefore affirmed. *Sturgis, P. J.,* and *Bradley, J.,* concur.